

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                              )
                                                )
    Plaintiff-Respondent,               )
                                                )
vs.                                             )    No. SD35481
                                                )
JEREMY SCOTT SYKES,                             )    **Filed:  April 30, 2019**
                                                )
    Defendant-Appellant.                )

APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

Honorable Sidney T. Pearson, III, Circuit Judge

**<u>AFFIRMED</u>**

Jeremy Scott Sykes ("Defendant") appeals claiming in a single point that the trial court erred under section 490.065.2, RSMo Cum.Supp. 2017, in permitting a highway patrolman to opine that Defendant was driving a truck when it collided with a car. Defendant does not challenge the trooper's qualification as an accident reconstructionist or that the reconstructionist's knowledge would help the jury understand the evidence or determine a fact in issue, but rather, Defendant asserts the reconstructionist's opinion that Defendant was driving was not based on sufficient facts or data, and was not the product of reliable principles and methods reliably applied to the facts of the case as required by

section 490.065.2 for expert testimony. We reject Defendant's claim and affirm the trial court's judgment.

## Facts and Procedural Background

*Offenses Charged*

Defendant was charged by amended information with two counts of the class C felony of assault in the second degree and with being a prior offender (based on a 2003 felony conviction for possession of cocaine and marijuana). The amended information charged that, on June 5, 2015, Defendant operated a motor vehicle "while under the influence of alcohol" and "acted with criminal negligence" in "speeding" and "fail[ing] to stop at a stop sign" causing "physical injury" to the driver of a second vehicle (Count I) and to a passenger in Defendant's vehicle (Count II).

The trial court conducted a pretrial hearing in which two officers testified to their conclusions that Defendant was driving the truck involved in the accident. Sergeant Pulley was questioned at the pretrial hearing. The trial court stated:

> THE COURT: Counsel, you seem to be under the impression that he is relying on some kind of scientific tests to determine who was driving. What he's told us in this hearing is that it was based on the fact that his DNA and his blood was on the steering wheel. That's not a scientific test. If you want to question him about the tests themselves, which I assume he didn't do, someone else did, tested blood and things. I'm not sure why you're getting into what you're getting into. He didn't base it on scientific tests, did you? What did you base your conclusion that he was driving on?
>
> A. What I explained. The totality of the circumstances, talking to the occupants, talking to – my examination of the scene, my examination of the vehicle later where we discovered the blood, the DNA evidence, that led to him.
>
> THE COURT: Did you perform any scientific tests in this matter?
>
> A. No.

2

The trial court later asked:

> THE COURT: – are you basing your opinion on all these studies or are you basing your opinion on the fact that this defendant's blood was on the steering wheel, they were hit from the right, and when you get hit from the right you go to the right?
>
> A. Yes, sir, and all the other facts, sir, not just studies.
>
> THE COURT: You're not basing it on any studies?
>
> A. No, sir.
>
> THE COURT: You're basing it on what you saw?
>
> A. What I saw, sir.
>
> THE COURT: Does that cut to the chase, [defense counsel]? I know you want to challenge all these scientific studies, but he didn't use any of them. What's the point? Maybe I'm just totally missing it.
>
> Q. I'm learning for the first time that there's been some studies done, Judge. Corporal Tucker didn't know of any.
>
> THE COURT: Okay. Well he didn't use any, did you?
>
> A. No, sir. I mean, just on my experience and going to training and going to classes.

Sergeant Pulley did not testify at the trial. Corporal Tucker testified at the trial but had not testified in the pretrial hearing about any scientific studies or literature that he knew of that were standardized relating to the opinion of who was driving the truck. He relied upon Sergeant Pulley to explain scientific standardized testing.

The trial court concluded the opinions that Defendant was driving the truck were not based on "any scientific tests that [the trial court] could discern," and "[w]hether or not [Defendant's blood on the steering wheel is] conclusive or dispositive is going to be up to twelve people in the jury box." It is the decision to allow Corporal Tucker to testify that Defendant challenges; however, we do not need to address whether the trial court

3

erred in determining that the trooper could testify as an expert to opine as to who was driving the truck. Under our standard of review, even if the testimony was admitted in error, the testimony was not prejudicial to Defendant. An appellant bears the burden of proving that the trial court abused its discretion and must show that he suffered prejudice. *Jones v. City of Kansas City*, WD81671, 2019 WL 610381, at \*5 (Mo.App. W.D. Feb. 13, 2019).

Defendant rightfully acknowledges that "[a]n abuse of discretion is not enough without prejudice to [Defendant.]" Defendant then claims,

> That prejudice is **only** too obvious here. The **only** evidence in the record that [Defendant] was the driver came from Tucker's testimony. Thus, there is no other evidence from which a reasonable jury could have determined that [Defendant] was driving the vehicle at the time of the accident. [Defendant] did not receive a fair trial as the **only** evidence on which the jury could have based its verdict was not reliable and inadmissible.

(Emphasis added.)

We disagree. We have determined that the testimony is not prejudicial because there was evidence from which the jury could determine that Defendant was driving the truck without the testimony of the highway patrolman. First, there were only two people in the truck at the time of the accident – Defendant and an adult female. Both said they were not driving. As between Defendant and the female occupant of the truck, only Defendant had any significant bleeding and his face also had significant mud. The female occupant of the truck was lying on the ground to the right of the truck while Defendant was lying on the ground in front of the truck. The female occupant was ejected from the truck through the front passenger window sometime before the truck

4

came to final rest, rolling onto its passenger side. Defendant was not ejected from the truck; a bystander pulled him from the truck through the windshield.

A photograph taken from the driver's side of the truck while the truck was on its side at final rest showed:

> the interior of the truck, shooting in from the driver's side window. It shows blood on the steering wheel, it shows blood on the dash, it shows blood on the A pillar cover. Over on the passenger side it shows blood that was deposited after the crash on the passenger door. It shows mud out the passenger's side window in the bottom of the ditch[.]

It further showed that the mud beneath the window was "most likely where the mud from [Defendant's] face came from."

The jury heard the factual testimony that the only DNA profiles prepared from swabs of the interior of the truck showed that Defendant's blood was located "on dash left of steering wheel," and in a "spatter pattern on passenger dash." Other items "screened positive for the presence of blood."[1] Further, "several photographs [showed] multiple spots of blood on the steering wheel." Blood spatter evidence on the truck's dash indicated that the source of the blood was traveling from the left to the right.

There was not much blood, if any, on the female passenger and she was eliminated as being a source for the two DNA profiles of the test swabs for blood in the vehicle. Therefore, even absent the testimony from the trooper that in his opinion Defendant was driving, the jury could have concluded that sufficient evidence existed to support the conviction. The point is denied.

The judgment is affirmed.

---

[1] Defendant provided us a laboratory report that shows other swabs from the "left side of driver's sun visor," "[r]ear view mirror," "dome light bezel" and "spatter pattern on passenger dash" all "[s]creened positive for the presence of blood." This report was not formally offered into evidence.

Nancy Steffen Rahmeyer, J. – Opinion Author

Don E. Burrell, P.J. – Concurs

Gary W. Lynch, J. – Concurs