Norman C. DOUGHTY, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

David T. Doughty, Appellant,

v.

Director of Revenue, Respondent.

Nos. SC 92260, SC 92261.

Supreme Court of Missouri, En Banc.

Jan. 8, 2013.

R. Todd Wilhelmus, Caskey Hopkins & Wilhelmus, Butler, for Doughtys.

John W. Grantham, Attorney General's Office, Jefferson City, for the Director.

PATRICIA BRECKENRIDGE, Judge.

Norman C. Doughty and David T. Doughty each appeal a judgment denying his petition for review after the director of revenue revoked his driving privileges for one year for refusing to take a breathalyzer test. The Doughtys claim section 302.312 [1] violates the 14th Amendment to the United States Constitution and article I, section 10 of the Missouri Constitution because it permits department of revenue records to be admitted in evidence in violation of the Doughtys' due process rights to confront and cross-examine the witnesses against them. Because each Doughty was free to subpoena and examine his arresting officer, the trial court's admissions of the director's records did not violate the Doughtys' due process rights. The trial court's judgments are affirmed.

**Facts and Procedural Background**

On April 23, 2011, Norman and David Doughty, a father and son, attended a

---

1. Unless otherwise noted, all references to statutes are to RSMo 2000.

wedding in Nevada, Missouri.[2] In the early hours of the morning after the wedding, Norman and David were arrested for driving while intoxicated during separate traffic stops.[3] Norman and David both performed poorly on field sobriety tests. Preliminary breath tests showed Norman's blood-alcohol content to be 0.120% and David's to be 0.179%, both over the legal limit. After being transported to the police station, Norman agreed to take a breathalyzer test but then refused to provide sufficient breath to perform the test. David refused to take a breathalyzer outright, saying, "I'll just fail anyways." As authorized by section 577.041(1), RSMo. Supp.2009, the arresting officers served Norman and David with notices from the director of revenue revoking their driving privileges for one year.

On May 19, 2011, each Doughty filed a petition for review with the Vernon County circuit court under section 302.311, challenging the director's administrative revocation of his license for refusal to take a breathalyzer test. During their separate trials, the director's sole evidence was an exhibit of her certified records, which included the police report, the alcohol influence report, and the driving records.[4] The exhibit was admitted without identification or foundational testimony under section 302.312, which provides that certified copies of the records of the director of revenue are admissible in court proceedings. In Norman's trial, when counsel for the director offered the director's certified records pursuant to section 302.312, he advised the court that the arresting officer was not present at trial but that the officer was sent a letter "inviting" him to be there.[5] Norman's counsel then objected that section 302.312 violated his client's "constitutional right to due process, contain[ed] multiple hearsay, and prevent[ed] him from confronting and cross-examining the witnesses against him." Because counsel asked to submit legal authority subsequent to trial, the trial court tentatively admitted the director's exhibit, subject to counsel's submission of authority to the contrary.

During David's trial, his counsel objected that the exhibit of the director's records contains "multiple hearsay, or hearsay upon hearsay" and it "violates ... my client's constitutional right to due process, prevents him from cross-examining the witnesses against him." The trial court tentatively admitted the exhibit but granted David leave to file with the court legal authority to support his objection. Upon this ruling, counsel for the director responded to the trial court that, in this civil case, "the witnesses are equally available to [David]. He could have petitioned the

---

**2.** Norman Doughty and David Doughty will be referenced by their first names to avoid confusion. No disrespect is intended.

**3.** Norman. was stopped by Thomas Dunham, an officer of the Nevada police department, on an on-ramp heading north on U.S. 71 Highway. David was stopped by John Millard, a sergeant with the Nevada police department, at the intersection of Austin Street and Johnson Drive.

**4.** The documents included in the director's exhibit were: certification pursuant to section 302.312, driver's privacy protection requirements notification, court order staying revocation of driver license, petition for review filed May 19, 2011, associate division summons dated May 19, 2011, Form 4323 notice of revocation of driving privileges, Form 2389 alcohol influence report, citation report 102163560 and 102163293 for Norman and David, respectively, and Missouri driver record dated 6/6/11.

**5.** The record on appeal includes a subpoena requested by the director that was served on Thomas Dunham, commanding him to appear in court for a "DOR Hearing" on July 6, 2011, a prior trial date.

officer himself." [6] When asked by the trial court if he subpoenaed the officer, David's counsel stated, "No. My objection is not that he's unavailable, just that his testimony is coming in without cross-examination."

During each Doughty's trial, the Doughty petitioner testified against the director's claim. His testimony conflicted with the information in his arresting officer's reports. In particular, each man testified that he requested permission to contact an attorney before submitting to the breathalyzer. Norman also testified that a statement made by his arresting officer caused him to question whether the breathalyzer was calibrated properly, and the officer refused to confirm that it was before the time expired for Norman to take the test. Neither officer's report mentioned a request for an attorney, and the report of Norman's arresting officer did not include questions by Norman regarding the calibration of the breathalyzer.

After trial, Norman and David Doughty filed a joint trial brief. On November 1, 2001, the trial court denied both petitions for review. On appeal, this Court has exclusive jurisdiction because the Doughtys challenge the constitutional validity of section 302.312. Mo. Const. art. V, sec. 3. Because the appeals contain identical questions of law, this Court reviews them together.

## Standard of Review

■ The constitutional validity of a statute is reviewed *de novo*. *State v. Vaughn*, 366 S.W.3d 513, 517 (Mo. banc 2012) (citing *City of Arnold v. Tourkakis*, 249 S.W.3d 202, 204 (Mo. banc 2008)). "Statutes are presumed constitutional and will be found unconstitutional only if they

clearly contravene a constitutional provision." *Id.* (citing *State v. Pribble*, 285 S.W.3d 310, 313 (Mo. banc 2009)). " 'The person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates the constitutional limitations.' " *Id.* (quoting *Franklin Cnty. ex rel. Parks v. Franklin Cnty. Comm'n*, 269 S.W.3d 26, 29 (Mo. banc 2008)).

## Section 302.312.1 Does Not Violate Due Process

■ Norman and David Doughty claim the trial court violated their due process rights by admitting the director's records into evidence without providing them the opportunity to confront and cross-examine the director's witnesses who created the records. They claim that section 302.312, which authorizes the admission of the director's records in evidence in court and administrative proceedings, is unconstitutional under both the United States Constitution and the Missouri Constitution.

■ Section 302.312.1 provides for the admission of department of revenue records. Under section 302.312.1, copies of all records filed with the department and all records certified by the appropriate custodian shall be admissible as evidence in Missouri courts. Section 302.312.1 reads:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in

**6.** The record on appeal includes a subpoena requested by the director that was served on Sgt. John Millard, commanding his appearance in court for a "DOR Hearing" on July 6, 2011, a prior trial date.

all courts of this state and in all administrative proceedings.

"The General Assembly created this special statutory exception to evidentiary rules otherwise applicable to the contents of [Department of] Revenue records." *Manzella v. Director of Revenue,* 363 S.W.3d 393, 395 (Mo.App.2012). The legislature's intention was to eliminate the need for testimony to identify and authenticate the records and provide foundation as well as to eliminate best evidence and hearsay challenges. *Id.*

 The Doughtys cite *Goldberg v. Kelly* to support the proposition that they are entitled to an effective opportunity to defend by confronting and cross-examining any adverse witnesses. 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Doughtys are correct that the United States Supreme Court held in *Goldberg* that " '[t]he fundamental requisite of due process of the law is the opportunity to be heard,' " which includes "an effective opportunity to defend by confronting any adverse witnesses." *Id.* at 267–68, 90 S.Ct. 1011 (quoting *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914)). Indeed, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Id.* at 269, 90 S.Ct. 1011. Therefore, the protections of confrontation and cross-examination apply in cases where administrative actions that seriously injure an individual are under scrutiny. *Id.* at 270, 90 S.Ct. 1011.

 Consistent with *Goldberg,* this Court held in *Dabin v. Director of Revenue* that the due process protections of the United States Constitution apply to "the suspension or revocation of a driver's license by the State." 9 S.W.3d 610, 615 (Mo. banc 2000). Likewise, article I, section 10 of the Missouri Constitution pro-

tects Missouri citizens from the deprivation of property without due process of law. Mo. Const. art. I, sec. 10. *See Stone v. Missouri Dept. of Health & Senior Services,* 350 S.W.3d 14, 27 (Mo. banc 2011). Therefore, under the coextensive due process protections of both our state and national constitutions, each Doughty had the right to confront and cross-examine the witnesses against him in the trial on his petition for review of the administrative revocation of his license. *See Jamison v. State,* 218 S.W.3d 399, 405 n. 7 (Mo. banc 2007); *State v. Rushing,* 935 S.W.2d 30, 34 (Mo. banc 1996); *Belton v. Bd. of Police Comm'rs,* 708 S.W.2d 131, 136 (Mo. banc 1986).

The Doughtys claim that these constitutional rights to confront and cross-examine the witnesses against them were violated by the admission of the director's records without the requirement of testimony by the arresting officers that prepared the alcohol influence reports, the citation reports, and the narratives. The same claim came before this Court in *Collins v. Director of Revenue,* where a driver, challenging suspension of her driver's license for driving with a blood alcohol level in excess of the legal limit, claimed her rights of confrontation and cross-examination were violated. 691 S.W.2d 246, 249 (Mo. banc 1985). In that case, the administrative hearing officer upheld the suspension of her license after taking judicial notice of the department of revenue case file and hearing no other testimony. *Id.* at 254. The circuit court affirmed that suspension upon *de novo* review. *Id.* at 249. The driver alleged the admission of the department's records without the arresting officer's testimony violated her right to confrontation and cross-examination. *Id.* at 254. This Court held that the driver had the right to subpoena witnesses to appear at the administrative hearing and, if she "desired to confront the arresting officer,

she needed only to request the officer to appear at the hearing." *Id.* at 255. "The existence of this unbridled subpoena right undercuts any argument that the administrative hearing procedure was unfair." *Id.*

The court of appeals applied the same reasoning in cases challenging the revocation of drivers' licenses for refusal to take the breathalyzer. In *Manzella*, the court of appeals considered the claim that a driver's right to confront and cross-examine witnesses was violated by the admission of the director's records pursuant to section 302.312. 363 S.W.3d at 396. In that case, the court of appeals found that the driver's claim was not preserved but, in *dicta*, stated that the claim had no merit because the driver "was free to subpoena and examine the officers himself." *Id.* Similarly, in *Wei v. Director of Revenue*, the court of appeals denied a driver's claim that her rights to confront and cross-examine the witnesses against her were violated by a judgment entered solely on the director's records and without testimony by the arresting officer. 335 S.W.3d 558, 566 (Mo. App.2011). The court of appeals held that, if a driver "could have subpoenaed [the arresting officer] to testify at trial and cross-examine him" but chose not to do so, the driver's claim that she was denied her right to confrontation and cross-examination lacks merit. *Id.*

Despite the procedural differences between those cases and the case at bar, the reasoning of these decisions defeats the Doughtys' claims. The Doughtys assert that resolution of their cases turned on questions of fact. Each man testified in his defense, and his testimony varied from the information in the reports of his ar-

resting officer admitted under section 302.312. Nevertheless, the trial court relied on those reports to find that the officers had reasonable grounds to believe the Doughtys were driving their motor vehicles while in an intoxicated or drugged condition and that they refused to submit to breath tests. Norman and David contend that the admission of the written reports without the officers' testimony denied the Doughtys their right to test those statements by confronting and cross-examining the officers

Contrary to their claims, the provision of section 302.312 authorizing the admission of the director's records by the trial court does not deny the Doughtys their constitutional rights to confrontation and cross-examination recognized by *Goldberg* and *Dabin*. Rather, the Doughtys had the right to subpoena witnesses to appear at the trials on their petitions for review. If the Doughtys desired to confront and cross-examine the police officers who arrested them, they had the ability to subpoena the officers to appear at their trials.[7] They declined to exercise those rights by failing to subpoena the officers as witnesses for their defense.

Accordingly, the judgments of the trial court are affirmed.

TEITELMAN, C.J., RUSSELL, FISCHER, STITH and DRAPER, JJ., concur.

WILSON, J., not participating.

---

7. In oral argument before this Court, Norman and David each acknowledged that he did not subpoena his arresting officer. For the first time, on appeal, each Doughty asserted that he was entitled to rely on the director's subpoena and was precluded from cross-examining his arresting officer because the officer

failed to appear even though subpoenaed. This claim was not made at trial. In fact, during David's trial, his counsel expressly stated to the trial court that he was not objecting that the arresting officer was unavailable. For these reasons, this claim will not be addressed.