

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| JAMES D. RIDGWAY, JR., | ) | No. ED106535 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Matthew P. Thornhill |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Appellant. | ) | Filed: April 16, 2019 |

The Missouri Department of Revenue ("the Department") appeals the judgment of the trial court in favor of James Ridgway, Jr. ("Ridgway") after hearing his Petition for Trial De Novo Of License Suspension/Revocation. Ridgway's license was suspended after his arrest during a traffic stop by a Missouri State Highway Patrol Trooper ("the Trooper") for driving while intoxicated on January 9, 2016. After multiple continuances attempting to compel by Missouri subpoena the presence of the Trooper, who had since become an FBI agent on traveling assignment, hearing was held; the only evidence received was the Department's records related to the stop, submitted under Section 302.312 RSMo.[1] However, due to the non-attendance at trial of the trooper, the trial court found in favor of Ridgway, *sua sponte* raising a due process violation for Ridgway's inability to cross-examine the witness against him and finding the Trooper lacked credibility.

---

[1] All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise indicated.

The Department raises three points on appeal. For Point I, the Department argues the trial court erred in raising, *sua sponte,* a due process issue related to Ridgway's inability to cross-examine the Trooper. For Point II, the Department argues the trial court misapplied the law in finding the inability to cross-examine the Trooper violated Ridgway's right to due process of law. For Point III, the Department argues the trial court misapplied the law when it admitted the Department's records submitted under Section 302.312 RSMo for a limited purpose, when the plain language of the statute requires their admission into evidence.

Agreeing with the Department, we reverse and remand.

## FACTUAL BACKGROUND

On January 9, 2016, the Trooper stopped Ridgway in St. Charles for driving 38 miles per hour over the posted speed limit of 60 mph. Ultimately, the Trooper arrested Ridgway for driving while intoxicated. The Department's certified records related to this traffic stop include: (1) a Notice of Suspension or Revocation of Driving Privilege completed by the arresting officer, the Trooper, for Ridgway; (2) an Alcohol Influence Report for Ridgway completed by the Trooper; (3) a Blood Alcohol Test Report conducted by the Trooper on Ridgway; (4) the Traffic Ticket issued to Ridgway by the Trooper for Driving while Intoxicated - alcohol; (5) maintenance records on the Blood Alcohol Test Machine used in the Blood Alcohol Test of Ridgway; (6) the Trooper's Narrative Police Report describing the arrest of Ridgway; (7) Traffic Ticket issued to Ridgway by the Trooper for exceeding the posted speed limit by 26+ MPH; (8) Traffic Ticket issued to Ridgway by the Trooper for failure to drive in the right lane of a highway with 2 or more lanes in same direction; (9) a certificate supporting the calibration accuracy of the machine used; and (10) Missouri Driver Record Transcript for Ridgway.

The Department's certified records identified Trooper's statements, including: Ridgway had slurred speech, uncertain balance and a swaying walk, and glassy, bloodshot, and watery eyes; the vehicle and his breath smelled strongly of alcohol; and statements by Ridgway he was coming from "the after party" where he "had a couple of Crown and Cokes." The certified records indicate Ridgway failed the Horizontal Gaze Nystagmus field sobriety test. Ridgway consented to a preliminary breath test which detected the presence of alcohol in excess of the legal limit. Due to extreme weather conditions, the Trooper did not request Ridgway perform Walk and Turn and One Leg Stand tests because it was too cold and windy. The Department's certified records contained a certification of Field Sobriety Test Training and an attestation under penalty of perjury, signed by the Trooper. The records also reflect Ridgway was observed and tested approximately 44 minutes after his arrest with a valid breath sample obtained by consent indicating 0.134% blood alcohol concentration.

The Department notified him his driver's license would be suspended or revoked on May 20, 2016. On May 17, 2016, Ridgway filed his Petition for Trial De Novo in the trial court to reinstate his driving privileges. The Department filed its Answer, attaching copy of their certified records under Section 302.312 RSMo.

Between the arrest and the ensuing litigation, the Trooper left employment with the Missouri State Highway Patrol and obtained employment with the Federal Bureau of Investigation. As an FBI agent, the Trooper was sent on traveling assignment outside of the state of Missouri.

Trial was scheduled for July 14, 2016. The trial court repeatedly rescheduled the trial for over a year as the parties repeatedly sought to serve a Missouri subpoena on the Trooper to compel his attendance at trial, but the Trooper was never served. The Trial Court rescheduled

3

trial one final time on December 14, 2017, stating "the case will be tried or dismissed on" on February 8, 2018.

On February 8, 2018, Ridgway's attorney announced he was present and ready. Department's attorney announced she was present but not ready because "we can't get our witness [the Trooper] here." Ridgway presented a Missouri subpoena seeking to compel the Trooper's attendance at trial and a sworn statement from the officer of the court attempting to serve him explaining why he was not served. The trial court noted "I'm not 100 percent sure in this situation there's a cross-examination issue being denied" over Department's non-specific objection, "for the record," to admission of the subpoena and sworn statement, which were received only to explain the Trooper's non-presence to answer questions regarding his Alcohol Influence Report.

The Trial Court then admitted into evidence the Department's certified records under Section 302.312 RSMo, without objection. The Trial Court noted that the Trooper's non-presence created a "credibility problem" as to Exhibit A and took the case under submission. Ridgway did not testify.

The Trial Court's Findings of Fact, Conclusions of Law, and Judgment found in favor of Ridgway and ordered Department to reinstate his driving privileges and clear his driving record of the January 9, 2016 arrest. The Trial Court found Ridgway sought to subpoena the Trooper to attend trial as a witness, attempting service personally and through his new employer, the FBI. The Trooper stated the subpoena must be served through the FBI, and the FBI would not accept service because the subpoena did not relate to his work with FBI. The Trial Court found a due process violation given the inability to cross-examine the Trooper regarding the content of the Department's certified records.

4

## STANDARD OF REVIEW AND PRESERVATION

In reviewing a court-tried case, the appellate court will uphold the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *White v. Director of Revenue,* 321 S.W.3d 298, 307-08 (Mo. banc 2010).

When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence. *Id*. at 308. When the evidence is *uncontested,* no deference is given to the trial court's findings. *Id.* A party may contest evidence by: putting forth evidence to the contrary; cross-examination; pointing out internal inconsistencies in the evidence; or arguing credibility as apparent from the witness's demeanor, bias, or incentive to lie. *Id*. When evidence is contested by disputing a fact in any manner, this Court "gives due regard to the opportunity of the trial court to have judged the credibility of witnesses." *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002); Rule 84.13(d)(2)[2]; *see also White v. Dir. of Revenue*, 321 S.W.3d 298, 311 (Mo. banc 2010) (noting "the inability of a [ ] court to determine credibility from the lifeless pages of a record").

## DISCUSSION

The Department may suspend or revoke a driver's license upon a determination that the driver was arrested upon probable cause for driving while intoxicated. § 302.505 RSMo. The driver may then seek review of the suspension or revocation through a trial *de novo.* § 302.535.1 RSMo; *Lord v. Dir. of Revenue,* 427 S.W.3d 253, 256–57 (Mo.App. E.D. 2014). At the trial *de novo,* the Department must prove by a preponderance of the evidence there was probable cause to arrest the driver for driving while intoxicated and that the driver's blood alcohol concentration was .08 percent or more. *Id*. "[P]robable cause to arrest exists when the arresting

---

[2] All references are to Missouri Supreme Court Rules (2017) unless otherwise indicated.

officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *White v. Dir. of Revenue*, 321 S.W.3d 298, 312 (Mo. banc 2010). The probable cause required for the suspension or revocation of a driver's license exists "when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication on coming into contact with the motorist." *Id.* at 309.

## POINT III

We begin our analysis with Appellant's Point III, where Appellant argues the trial court's disregard of the contents of the DOR's records was error. The Department argues the trial court erred and misapplied the law in refusing to give any weight to the contents of certified records submitted under Section 302.312 RSMo without the Trooper's attendance at the hearing to testify to them and be subjected to cross-examination. The decision of the Trial Court to admit the contents only "to demonstrate [the Trooper's] important role in what happened on the night in question" was improper, the Department argues, because limited admission is contrary to the plain language of the statute and its legislative intent as interpreted by Supreme Court of Missouri case law in *Doughty v. Dir. of Revenue*, 387 S.W.3d 383, 386–87 (Mo. banc 2013).

Section 302.312.1 RSMo provides for the admission into evidence of Department of Revenue records. Under Section 302.312.1 RSMo, copies of all records filed with the department and all records certified by the appropriate custodian shall be admissible as evidence in Missouri courts. Section 302.312.1 RSMo reads:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by the appropriate custodian or the director, **shall be admissible as evidence** in all courts of this state and in all administrative proceedings.

6

(emphasis added). The General Assembly created this special statutory exception to evidentiary rules otherwise applicable to the contents of Department of Revenue records. *Doughty v. Dir. of Revenue*, 387 S.W.3d 383, 386–87 (Mo. banc 2013). The legislature's intention was to eliminate the need for testimony to identify and authenticate the records and provide foundation and to eliminate best evidence and hearsay challenges. *Id.* There have been no intervening changes to the statute. *Compare* § 302.312.1 RSMo (2000) *with* § 302.312.1 RSMo (2016).

Relying on the absence of a peace officer's testimony to exclude from evidence the contents of records admitted under Section 302.312.1 RSMo, such as the BAC test results or narrative description from the police report, is a misapplication of the law. *See Smith v. Dir. of Revenue*, 560 S.W.3d 898, 904 (Mo. App. W.D. 2018); *see also Thebeau v. Dir. of Revenue, State of Mo.*, 945 S.W.2d 674, 675–76 (Mo.App. E.D. 1997) (holding record admissible under statutory exceptions to hearsay not objectionable on lack of an opportunity to confront or cross-examine).

The only evidence adduced at trial was offered and entered by the Department without objection. No evidence was put forth by Ridgway; no attempt was made to point out specific internal inconsistencies in the evidence; no witnesses were called permitting the fact finder to observe their demeanor, bias, or incentive to lie or subject them to Ridgway's or the trial court's cross-examination. The Department's evidence went uncontested. *See White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010). When the evidence is *uncontested,* no deference is given to the trial court's findings. *Id*. at 311 (noting "the inability of a [ ] court to determine credibility from the lifeless pages of a record").

In admitting the evidence for a limited purpose, the trial court misapplied the law. On the face of the record, we can find no identified or identifiable internal inconsistencies in the

Department's records. Giving no deference to the trial court's credibility determination or factual findings, the overwhelming weight of the uncontested evidence in the record supports a finding of probable cause. Ridgway committed a traffic violation, driving at over one-and-a-half times the posted speed limit; smelled strongly of alcohol; had bloodshot, watery, glassy eyes; exhibited swaying and uncertain balance; was mumbling and slurring his words; admitted to consuming three drinks; and failed both field sobriety tests conducted by consent, the horizontal gaze nystagmus test and Preliminary Breath Test before he was arrested for driving while intoxicated. *See Lord v. Dir. of Revenue*, 427 S.W.3d 253, 258 (Mo.App. E.D. 2014). Ridgway then consented to a valid breath sample which demonstrated a 0.134% blood alcohol concentration, well over the .08% legal limit.

Point III is granted.

**POINT II**

For Point II, Department argues the trial court erred and misapplied the law when it determined revocation of Ridgway's license without cross-examination of the Trooper violated Ridgway's right to due process of law. Department argues Ridgway had ample opportunity to present evidence at hearing and failed to take advantage of the procedures for doing so, noting the Sixth Amendment right to confront witnesses applies only to criminal cases, not civil privileges like a driver's license. Ridgway argues there is no guarantee the testimony of Trooper could be compelled in another state, the cases to the contrary are distinguishable because Ridgway *attempted* to obtain the testimony, and the Trial Court was entitled to give the evidence reduced weight when the Trooper didn't appear to testify.

A trial court in Missouri does have and has long held the right to cross-examine a parties' witnesses, *sua sponte*, itself. *Fitzjohn v. St. Louis Transit Co.*, 183 Mo. 74, 81 S.W. 907, 909

8

(1904); *see also State ex rel. S.F.F. v. S.C.G.*, 554 S.W.3d 512, 519 (Mo.App. E.D. 2018) ("A trial judge possesses an inherent right to question witnesses as to any matters material to the issues involved"). However, here, neither party compelled the presence of or called the Trooper as a witness.[3]

This Court has held a trial court has no authority to impose a sanction or remedy for non-attendance of a witness without a determination that witness was duly summoned and served a validly executed subpoena to appear before the trial court. *Smith v. Dir. of Revenue*, 410 S.W.3d 703, 706 (Mo. App. E.D. 2013). The record reflects both parties attempting to secure the testimony of the Trooper, both without success, and the witness was never served. If a driver "could have subpoenaed [the arresting officer] to testify at trial and cross-examine him" but chose not to do so, the driver's claim she was denied her right to confrontation and cross-examination lacks merit. *Doughty v. Dir. of Revenue*, 387 S.W.3d 383, 388 (Mo. banc 2013). Failing to call a witness equally available to either party permits no negative inference. *Leehy v. Supreme Express & Transfer Co.,* 646 S.W.2d 786, 790[8] (Mo. banc 1983); *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 805 (Mo.App. E.D. 1984) (noting a former employee is not more available to the employer).

Because Ridgway's right to due process of law was not violated, we need not reach Point I to assess whether the trial court erred in raising a constitutional concern *sua sponte* or whether Ridgway was required to do so.

---

[3] Whether the Trooper could have been served personally outside the state (*See* Rule 54.14; *see also, e.g.,* §§ 492.100; 492.270 RSMo) or whether his testimony could ever have been compelled under *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 464, 71 S. Ct. 416, 418, 95 L. Ed. 417 (1951) and the US DOJ's *Touhy* regulations, 28 C.F.R. § 16.21, need not be reached here, as the parties admit no subpoena, Missouri or otherwise, was ever served upon Trooper. Further, Ridgway concedes making no effort to appropriately serve Trooper outside Missouri.

**CONCLUSION**

The trial court misapplied the law in setting aside Director's suspension of Ridgway's driving privileges. Therefore, its judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Robert G. Dowd, Jr., J. and
Mary K. Hoff, J. concur.