

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| BENJAMIN A. COLLIER, | ) | |
| | ) | |
| Appellant, | ) | WD83072 |
| | ) | |
| v. | ) | OPINION FILED: June 23, 2020 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Kyndra J. Stockdale, Judge

Before Division Two: Mark D. Pfeiffer, Presiding Judge, Alok Ahuja, Judge and
Gary D. Witt, Judge

Benjamin Collier ("Collier") appeals the judgment of the Circuit Court of Jackson County sustaining the revocation of Collier's driving privilege. Collier raises one point on appeal alleging that there was insufficient evidence to establish that Collier refused to submit to a chemical test. We affirm.

**Factual and Procedural Background**[1]

On January 18, 2019, Kansas City Police Department Officer Nathan Magers ("Officer Magers") observed Collier commit multiple traffic violations, including running a stop sign and striking a curb. Officer Magers activated his lights and siren. Collier was slow to respond, but eventually pulled over and stopped. Officer Magers immediately detected the strong odor of alcohol from Collier's breath and person. Collier's eyes appeared watery and bloodshot; his speech was heavily slurred and mumbled. Officer Magers asked Collier to exit the vehicle and submit to field sobriety tests. Collier exited the vehicle and Officer Magers observed that he had difficulty balancing and was swaying and staggering. Officer Magers observed signs of intoxication on the Horizontal Gaze Nystagmus test, the walk and turn test, and on the one leg stand test. Collier was placed under arrest and transported to East Patrol Division for further investigation.

At the Patrol Division, Officer Magers read Missouri's Implied Consent Law[2] to Collier and asked him to submit to a breath test. According to Officer Magers's report, Collier refused the test by remaining silent in response to Officer Magers's request. Collier's refusal to respond was deemed to be a refusal to submit to the test.

The Director of Revenue ("Director") notified Collier that his driving privilege was being revoked pursuant to section 302.574. On January 25, 2019, Collier filed a petition for review. The court held a trial on July 25, 2019 ("Trial"). Neither party subpoenaed

---

[1] We view the evidence in the light most favorable to the trial court's judgment. *Ridge v. Dir. of Revenue*, 428 S.W.3d 735, 736 (Mo. App. W.D. 2014).
[2] Section 577.020 through 577.041. All statutory citations are to RSMo 2016 as currently updated, unless otherwise noted.

Officer Magers to appear at Trial. The Director called no witnesses and submitted its case on the administrative record which included the Alcohol Influence Report, which contained Officer Magers's narrative of the events, and Collier's driving record pursuant to section 302.312. Collier objected to the admission of the records, arguing that it violated Collier's right to cross-examine Officer Magers. The circuit court overruled the objection and admitted the Director's certified records. Collier's attorney then sought to make an "offer of proof" regarding what he would have asked Officer Magers, had the officer been present at Trial. Collier also took the stand during his case and testified that he did not refuse to submit to a breath analysis test but, rather, had requested to speak with his attorney before consenting to the test and the officer wrongly deemed that a refusal.

The circuit court found that Collier had refused to submit to the test and entered judgment sustaining the revocation of Collier's driving privilege. This appeal followed.

## Standard of Review

Our review of a license revocation case is reviewed on appeal as any other court-tried case. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307 (Mo. banc 2010). "This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law." *Whitworth v. Dir. of Revenue*, 207 S.W.3d 623, 624 (Mo. App. E.D. 2006) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "We defer to the trial court's determination of credibility." *Id.* "We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence." *Id.*

3

## Discussion

Collier's sole point on appeal alleges that the circuit court erred in upholding the suspension of his driving privilege because there was insufficient evidence to support a finding that he refused to submit to a breath test. More specifically, Collier contends that the Director did not meet its burden of proof to demonstrate that he refused to submit to a breath test because Collier contested the Director's evidence by "cross-examining" Officer Magers, despite his absence from the Trial.

The Director bears the burden of proving: (1) that the person was arrested; (2) the arresting officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) the person refused to submit to a requested test. *Howe v. Dir. of Revenue*, 575 S.W.3d 246, 250 (Mo. App. E.D. 2019) (citing section 302.575.4). Collier's challenge is solely to the third element, the sufficiency of the evidence to establish that he refused to submit to a breath test. Collier alleges that when Officer Magers asked him to submit to a breath test, he did not remain silent but, rather, asked to speak with his attorney. A driver's request to speak with an attorney is not a refusal.

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If, upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

Section 577.041.3

Collier contends that the Director failed to present sufficient evidence that he refused to take the breath test and the Director had the sole burden of production at trial. Section 302.535 places on the Director both the burden of production of evidence in a trial

4

and the burden of proof as to each element. *White*, 321 S.W.3d at 312. "Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it." *Id.* at 305 (quoting *Stiff v. Stiff*, 989 S.W.2d 623, 628 (Mo. App. S.D. 1999)). "If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *Id.*; *Tweedy v. Dir. of Revenue*, 412 S.W.3d 389, 394 (Mo. App. E.D. 2013) ("The trial court is free to disbelieve evidence and testimony, even if it is uncontradicted, and this Court will defer to the trial court's determination."). Collier is correct that he bore no burden of producing evidence at trial; he is not correct, however, that the Director failed to meet its burden of proof.

At Trial, the Director offered a certified copy of its records pursuant to section 302.312, as its sole evidence during its case in chief. Section 302.312.1 states:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

The Director met its burden of production on the issues before the court when the record, including the Alcohol Incident Report which factually addressed all necessary issues, was accepted into evidence. "An arresting officer's narrative combined with the Alcohol Incident Report constitutes sufficient evidence of a refusal to submit to a chemical test." *Hursh v. Dir. of Revenue*, 272 S.W.3d 914, 916-17 (Mo. App. W.D. 2009) (quoting *Tarlton v. Dir. of Revenue*, (Mo. App. E.D. 2006)). Once the Director met this burden of production, if the circuit court finds this evidence credible the circuit court is entitled to

5

find that Collier refused to submit to a breath test.[3]  Collier was free to, but not required to, counter the Director's evidence.

Collier contends that, despite the admission of the Director's certified records, the Director did not meet its burden of proving that Collier refused to submit to a breath test because Collier contested the Director's evidence of his refusal.  At trial, Collier challenged Officer Magers's narrative through "cross-examination" of the absent officer and by testifying on his own behalf.

Collier failed to subpoena the officer, asserting to the circuit court that Officer Magers was "not under subpoena because, frankly, we don't know his first name."  Instead, at Trial, Collier made an "offer of proof" as to the questions he would have asked had Officer Magers been present.  Collier's assertion that Officer Magers could not be subpoenaed because his first name was unknown was disingenuous.  As the Director argued to the trial court, Officer Magers's department and badge number were on his report, making him easily identifiable.  Notably, Collier makes no representations that he made any actual attempts to locate or subpoena Officer Magers, only that his first name was unknown.

Collier appears to contend that because Officer Magers was not called as a witness by the Director, allowing him to be cross-examined at Trial, the Director failed to meet its

---

[3] By submitting its case solely on the written records, the Director bears the risk that the trial court may not find that evidence credible or persuasive of the issues it must decide.  If the records address each of the elements it is required to prove, the Director meets its burden of production through the admission of the records such that it may avoid a dismissal at the close of its case, however, the records alone do not require a finding for the Director as a matter of law even if the driver offers no evidence in response.  The statute addresses the "admissibility" of the records not the "credibility" of the records.

6

burden of proof. However, it is well settled that the Director is permitted to submit its case solely on the administrative record pursuant to section 302.312 without the live testimony of the arresting officer. *Doughty v. Dir. of Revenue*, 387 S.W.3d 383 (Mo. banc 2013). In *Doughty*, a father and son both individually sought a petition for review after the Director revoked their driving privileges for refusing to take breath tests. *Id*. at 384. In their separate trials, the director's sole evidence were the certified records. *Id.* The arresting officer was not present at either trial, and the defense objected to the absence of the officer on multiple grounds including that it violated the drivers' rights to confront and cross-examine the witnesses against them. *Id.* at 385. Notably, as is the case here, the officer was not subpoenaed by the Director or the defense. *Id.* at 385-86. Both drivers testified in their own defense, challenging the arresting officer's narrative, claiming that they had not refused to submit to a chemical test but requested permission to contact an attorney before submitting to such a test. *Id*. at 386. The Supreme Court upheld the suspension of both of the Doughtys' driving privileges stating that "[i]f the Doughtys desired to confront and cross-examine the police officers who arrested them, they had the ability to subpoena the officers to appear at their trials. They declined to exercise those rights by failing to subpoena the officers as witnesses for their defense." *Id.* at 388.

Like in *Doughty*, Collier did challenge the Director's evidence by testifying on his own behalf at Trial, conflicting Officer Magers's assertion that Collier had refused to submit to the breath test. Instead, Collier asserted that he had not refused but instead asked to speak with an attorney prior to taking the test and, additionally, that he had never been

7

read Missouri's Implied Consent Law.  The circuit court was "free to disbelieve any, all, or none of that evidence."  *White*, 321 S.W.3d at 308.

The Director met its burden of proving Collier refused a breath test through the admission of the certified record and the trial court finding that evidence to be credible.  Collier was not required to counter this evidence, but did so through his own testimony.  To the extent he wished to question Officer Magers, it was incumbent on him to subpoena him as a witness. [4]  The circuit court had before it conflicting testimony regarding Collier's refusal to submit to a breath test and it was free to believe or disbelieve either party's evidence.  Clearly from its findings, the court believed the factual statements in Officer Magers' report and disbelieved Collier, and we must defer to this finding.

The Director met its burden of producing sufficient evidence that Collier refused to submit to a breath analysis test, and the circuit court did not err in so finding.

**Conclusion**

For the reasons stated above, we affirm.

_____
Gary D. Witt, Judge

All concur

---

[4] We note that section 302.312 does not include the same seven day notice requirement of the intent to admit the records without calling a live witness as is provided in the Uniform Business Records as Evidence Law section 490.692.  Section 490.692 puts the opposing party on notice that if they wish to cross examine a live witness that they need to assure that witness's appearance at trial.  The General Assembly chose not to include that safeguard in regard to the admission of the Director's records.