

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                  )
                                    )
    Respondent,              )
                                    )
v.                                  )    No. SD36257
                                    )    Filed:  November 5, 2020
MATTHEW SCOTT MAHURIN,              )
                                    )
    Appellant.               )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Judge

## **AFFIRMED**

Matthew Scott Mahurin ("Mahurin") appeals his conviction, following a jury trial, of one count of receiving stolen property.  In four points on appeal, Mahurin argues:  (1) the trial court abused its discretion and erred in overruling his hearsay and confrontation objections to the admission of Exhibit 7 (Department of Revenue records); (2) erred in denying his motion for judgment of acquittal at the close of all the evidence and motion for new trial as the evidence did not prove that Mahurin retained the stolen property, as required under section 570.080;[1] (3) abused

---

[1] All references to section 570.080 are to RSMo Cum.Supp. 2011.

its discretion in admitting Exhibit 7 in that it did not satisfy the business records admission requirements in section 490.692;[2] and (4) abused its discretion in admitting Exhibit 7 in that the legislature intended such records to be admissible in driving offense cases only. Finding no merit to any of Mahurin's points, we deny the same and affirm the judgment of the trial court.

**Facts and Procedural History**

We recite the evidence and the reasonable available inferences therefrom in the light most favorable to the verdict. *State v. Lammers*, 479 S.W.3d 624, 630 (Mo. banc 2016). We recite other information as necessary for context.

Victim owned a 39-foot Puma camper trailer that he purchased for $12,500 in 2012, and which was worth between $8,000-$9,000 in 2019. He stored it at a Jasper County rental storage facility.

On the night of March 22, 2016, Mahurin stole Victim's camper trailer—specifically, Mahurin attached Victim's camper trailer to the rear of his own SUV and drove off. Victim's son-in-law saw what was happening and followed Mahurin (and the stolen camper trailer). Another bystander, along with Victim's son-in law, called police and alerted them to Mahurin's location.

Officer Jonathan White ("Officer White") responded to the call. He was able to locate the camper trailer being pulled by Mahurin's black GMC Yukon, with Mahurin in the driver's seat of the Yukon, and initiated a traffic stop.

While Officer White gave (unheeded) commands for Mahurin to turn off the car, toss his keys out the window, and place his hands out the window, a passenger exited the vehicle, detached the camper trailer, got back in the SUV, and Mahurin sped off.

---

[2] All references to section 490.692 are to RSMo 2000.

A high-speed chase ensued from Missouri into Oklahoma, back into Missouri, and then back into Oklahoma. Officer White lost sight of Mahurin's SUV after it went through a ditch and barbed wire fence, and then back the other direction onto a "little outer road[.]"

Officer White went down the outer road, joined by Oklahoma state police. Mahurin's SUV was located with its engine still running, the driver and passenger doors open, and barbed wire caught on the front grill and trailing behind the SUV. A K-9 unit tracked a scent from the SUV to a nearby mobile home. Police entered the mobile home and found two men, one of whom was Mahurin. At that time, Officer White identified Mahurin as the driver of the SUV.

Another officer found the vehicle identification number for the SUV, and it was searched. Inside were license plates for the SUV. Department of Revenue records showed that the SUV was registered to Mahurin.

Mahurin was charged by amended information, as a prior and persistent offender, with the class C felony of receiving stolen property, pursuant to section 570.080.

A jury trial commenced on June 6, 2019. Mahurin did not testify and presented no evidence in his defense.

At the beginning of trial, the State offered Exhibit 7, pursuant to section 302.312,[3] which was comprised of records from the Department of Revenue regarding Mahurin's registration of the GMC Yukon. Mahurin objected to the admission of the records on the grounds of hearsay, that the certification of the document, pursuant to chapter 302, pertained only to offenses involving motor vehicles, watercraft and aviation, and that it violated his confrontation rights in that the documents were testimonial. The trial court overruled Mahurin's objection and admitted the records.

---

[3] All references to section 302.312 are to RSMo 2000.

Mahurin was found guilty as charged. The trial court sentenced Mahurin, as a prior and persistent offender, to ten years in prison.

Mahurin filed a motion for new trial on July 2, 2019. The trial court overruled the motion on July 29, 2019. This appeal followed.

In four points relied on, Mahurin argues that:

1. The trial court "abused its discretion in overruling [defense] counsel's hearsay and confrontation objections to the admission of Exhibit 7[,]" because that exhibit was "Department of Revenue documents [that were] prohibited testimonial evidence under *Crawford* and *March*";

2. "The trial court erred in denying [Mahurin's] motion for judgment of acquittal at the close of all the evidence, instructing the jury as provided for in Instruction No. 5, denying the motion for new trial, and in imposing sentence," because "the evidence did not prove . . . that [Mahurin] 'retained' the camper trailer, as required under §570.080 and Instruction No. 5, which was required to convict him of receiving stolen property[]";

3. The trial court "abused its discretion in overruling [defense] counsel's objections to Exhibit 7, the Department of Revenue records identifying [] Mahurin as the owner of the SUV recovered in the police chase," in that "Exhibit 7's certification affidavit under §302.312 did not satisfy the business records admissions requirements under §490.692 to allow its admission";

4. The trial court "abused its discretion in overruling [defense] counsel's objections to Exhibit 7, . . . and in allowing it to be admitted based on §302.312, . . . in that the Legislature intended for such records to be admissible in driving offense cases only, and [Mahurin] was not charged with a driving offense."

For ease of analysis, we combine Mahurin's Points 3 and 4, *infra*.

## Principles of Review

"The trial court has broad discretion to exclude or admit evidence at trial. This Court will reverse only upon a showing of a clear abuse of discretion." *State v. Shockley*, 410 S.W.3d 179, 195 (Mo. banc 2013). "We further note that we review for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. Bumbery*, 492 S.W.3d 656, 665 (Mo.App. S.D. 2016) (internal quotation and citation omitted).

4

"Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial." *Id.*

## Analysis

### *Point I: Exhibit 7 Was Not Inadmissible Hearsay or Testimonial Evidence*[4]

Mahurin argues in his first point that the trial court "abused its discretion in overruling counsel's hearsay and confrontation objections to the admission of Exhibit 7[,]" because that exhibit was "Department of Revenue documents [that were] prohibited testimonial evidence under *Crawford* and *March*[.]"

We have reviewed Mahurin's Point I,[5] his "Standard of Review" section,[6] his "Preservation" section,[7] and his argument section,[8] and discern that it is not evident whether his

---

[4] We observe that in Mahurin's "Standard of Review" section, following an (otherwise) applicable statement of the standard of review for a challenge to a trial court's adverse Confrontation Clause ruling—and preceding his statement as to the preservation status of this claim—the following (extraneous) statement appears: "Exhibit 7 violated the decisions in *Crawford v. Washington*, 541 U.S. 36[,] [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), *Davis v. Washington*, 547 U.S. 813[,] [126 S.Ct. 226, 165 L.Ed.2d 224] (2006), and *State v. March*, 216 S.W.3d 663 (Mo. banc 2007)." Where, as here, an appellant provides separate sections for his "standard of review" and "argument" (as attendant an individual point relied on) appellant's counsel is well-advised to have faith: the reviewing court will read on—in other words, "argument is best reserved for the 'Argument' section." *Biggs by Next Friend Biggs v. Brinneman*, 598 S.W.3d 697, 702 (Mo.App. S.D. 2020). While the specific incidence here identified is not dispositive, we nevertheless observe that the purposes (and explicit requirements) of Rule 84.04, as well as effective advocacy on appeal, are better served by compliance with *Biggs*' admonition.

All rule references are to Missouri Court Rules (2016).

[5] Mahurin's Point I claims **both** "error" (as applicable to a Confrontation Clause challenge) **and** "abuse of discretion" (as applicable to a hearsay challenge) as to the trial court's "overruling counsel's hearsay and confrontation objections to the admission of Exhibit 7[.]" A point relied on "which cannot be understood without resorting to the record or the argument section of the brief" does not comply with Rule 84.04, and "preserves nothing for appellate review." *State v. Adams*, 443 S.W.3d 50, 53–54 (Mo.App. E.D. 2014) (internal quotation and citation omitted).

[6] Mahurin's standard of review section first recites the abuse of discretion standard (as applicable to a hearsay claim) and then, in turn, the *de novo* standard (applicable to a Confrontation Clause challenge).

[7] In his "Preservation" section, Mahurin recounts that trial "[c]ounsel argued that [Exhibit 7] [was] hearsay **and** violated the Federal and State Confrontational Clauses[.] The motion for new trial re-alleged these grounds." (Emphasis added).

[8] Mahurin's argument section begins with a discussion of hearsay: "Hearsay is an out-of-court statement relied on to prove the truth of the matter asserted and depends on the statement's veracity for its value. Inadmissible hearsay that

*single* intended challenge is that: (1) Exhibit 7 was inadmissible hearsay, **_or_** that (2) Exhibit 7 was inadmissible testimonial evidence. To be clear, an appellant may assert **one** basis for reversal—inclusive of **one** distinct manner of inquiry and analysis—per point relied on. Beyond that, as here, the point is multifarious, and not preserved for our review.[9]

Nevertheless, *ex gratia* we summarily (and, as applicable, curatively) address in turn what we discern to be the primary thrust of Mahurin's arguments as to Exhibit 7—*i.e*, that it was (1) inadmissible hearsay, and (2) inadmissible testimonial evidence.[10]

"A hearsay statement is any out-of-court statement that is used to prove the truth of the matter asserted and that depends on the veracity of the statement for its value." **_State v. Brandolese_**, 601 S.W.3d 519, 534 (Mo. banc 2020) (internal quotation and citation omitted). A hearsay claim, "to the extent . . . preserved, will be analyzed for abuse of discretion."[11]

> A trial court has broad discretion to admit or exclude evidence during a criminal trial, and error occurs only when there is a clear abuse of this discretion. A trial court abuses its discretion only if its decision to admit or exclude evidence is clearly against the logic of the circumstances then before the court and is so unreasonable

---

goes to the substance of respondent's case requires reversal." (internal citations omitted). Mahurin's argument next engages in a prolonged discussion of the Confrontation Clause, eventually arriving at the claim that "Exhibit 7 was 'testimonial' evidence used to establish that [he] was the driver because Exhibit 7 established that he was the owner of the recovered SUV, rather than the other person in the SUV, and [the prosecutor] argued [that] as its owner he was its driver who had received stolen property."

[9] *See* **_Lollar v. Lollar_**, SC97984, at *6 n.4, 2020 WL 5201213, (Mo. banc Sept. 1, 2020) (A single point relied on that requires "separate and distinct inquiries and require distinct legal analyses[]" is multifarious.) To be clear, *de novo* review and abuse of discretion are separate and distinct inquiries, and require separate and distinct analyses. *See* **_Piatt v. Indiana Lumbermen's Mutual Insurance Company_**, 461 S.W.3d 788, 794 n.4 (Mo. banc 2015) (where a point relied on fails to comply with Rule 84.04, "[t]he Court will not consider it.").

[10] We acknowledge that in *some* aspects, hearsay and the Confrontation Clause are linked (and, in part, co-align) in origin and function. *See* **_Giles v. California_**, 554 U.S. 353, 365, 128 S.Ct. 2678, 2686, 171 L.Ed.2d 488 (2008) ("It seems apparent that the Sixth Amendment's Confrontation Clause and the evidentiary hearsay rule stem from the same roots."); **_State v. Roy_**, 597 S.W.3d 710, 721–22 (Mo.App. S.D. 2020) ("[B]oth hearsay and testimonial evidence exclude from their purview testimony offered for a legitimate purpose other than to establish the truth of the matter asserted.") (citing **_Williams v. Illinois_**, 567 U.S. 50, 78, 132 S.Ct. 2221, 2240, 183 L.Ed.2d 89 (2012)). Nevertheless, these *two* species of claims (though connected in some respects) are not *one* claim for purposes of Rule 84.04, and its attendant prohibition on multifarious points relied on.

[11] *See* **_State v. Mosely_**, 599 S.W.3d 236, 249 (Mo.App. W.D. 2020).

and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. This Court will reverse the trial court's decision only if there is a reasonable probability that the error affected the outcome of the trial or deprived the defendant of a fair trial.

*State v. Wood*, 580 S.W.3d 566, 574 (Mo. banc 2019) (internal quotations and citations omitted).

The record, as relevant here, reflects the following arguments preceding the trial court's now challenged admission of Exhibit 7:

[PROSECUTOR 1]: I believe that the law that I've handed to you states that this affidavit [for Exhibit 7] is valid. There is specific law that states that the DOR records are valid under that statute. Further, there is case law directly on point that states that it is valid and admissible at trial.

[PROSECUTOR 2]: I think the statute directly says copies of these signed [by] the appropriate custodian shall be admitted into evidence.

[DEFENSE COUNSEL]: So, you're not offering them as business records; your offering them under [section] 302.312; is that correct?

[PROSECUTOR 1]: Yes.

[DEFENSE COUNSEL]: Well, are you going to offer them now because I'll make my objection for the record whenever they're offered.

[PROSECUTOR 1]: I was going to wait and offer them during trial. But I can offer them into evidence now if that will - .

BY THE COURT: Let's just go ahead and that way we can get the objection out of the way. What's the Exhibit Number on it?

[PROSECUTOR 2]: 7, Your Honor.

BY THE COURT: Okay. State's Exhibit 7 has been offered, which is the Missouri Vehicle Registration record. Objections?

[DEFENSE COUNSEL]: Your Honor, I'm going to object on grounds that the certification of the document is by the Department of Revenue pursuant to Chapter 302. Chapter 302 pertains to offenses involving motor vehicles, watercraft and aviation. This is not an offense involving - directly involving a motor vehicle, watercraft or aircraft and, therefore, I do not believe that Section 302.312 was applicable to a felony that is not a driving offense.

7

Furthermore, I would object on the grounds that admission of these documents violates my client's 6th Amendment right to confrontation and his right under the Missouri Constitution to confrontation of witnesses in that these are documents specifically prepared for the purpose of litigation, therefore, they are testimonial. The Defendant does not have an opportunity to cross-examine the preparer of the documents. Whereas the business record statute is a recognized exception to the confrontation clause, I do not believe that there's ever been any ruling [sic] Section 302.312 since the process for authentication is not the same as under the business records law that the [sic] Chapter 302.312 is sufficient to circumvent the confrontation clause requirement of Missouri and the United States Constitution.

BY THE COURT: [Prosecutor 1]?

[PROSECUTOR 1]: Yes, Your Honor, 302.312 specifically allows for copies of all papers, document and records lawfully deposited or filed with the Office of the Department of Revenue to be admitted into evidence, copies of them.

There is case law on point where the Eastern District of Missouri i[n] *Hackman v[.] the Department Director of Revenue* specifically stated that - specifically allowed evidence from the Department of Revenue in [sic] under Section 302.312 and said that it was valid under that Section even without it coming in under 490.680 stating that 302.312 is valid and contains no requirements that the records be made at or near the time of the event. Instead the records come in and are admissible as evidence if the copies are properly certified by the appropriate custodian of the Director. And I believe as shown the affidavit they do come in under that.

[DEFENSE COUNSEL]: *Your Honor, let me clarify my objection just a little bit for the record. My underlying objection is that the documents are hearsay*. And *my argument is basically directed to the fact that the documents don't fall under any exceptions to the hearsay rule*. And, *furthermore, violate the confrontation clause.*

That's all.

[PROSECUTOR 2]: Just to head off any additional record objections that may be made now or later, the one concern that the State has is the Notice of Business Record Affidavit that was filed on April 18th, we would also additionally argue that there's no prejudice to the Defendant for these being filed under a separate statute other than 496.92 [sic] as was stated that Notice of Business Record Affidavit is being filed under 302.312, while the process is a little bit different, there's no disadvantage to the Defendant based on offering it under a different statute.

8

> BY THE COURT: Is the record complete? Everybody good with your records?
>
> [DEFENSE COUNSEL]: Yes.
>
> [PROSECUTOR 2]: Yes.
>
> BY THE COURT: All right. The Court overrules the objections, admits State's Exhibit Number 7.

(Emphasis added).

The record thus indicates that the trial court heard as much argument on this issue as counsel wished to present, reviewed the statutes and case law submitted by counsel, and appropriately considered the issue before ruling. Mahurin fails to demonstrate, on this record, that the trial court abused its discretion in admitting Exhibit 7.

Mahurin also argues that Exhibit 7 was inadmissible testimonial evidence pursuant to the Confrontation Clause. *See Crawford*, 541 U.S. at 36, 124 S.Ct. at 1354. "[W]hether a criminal defendant's rights were violated under the Confrontation Clause is a question of law that this Court reviews *de novo*." *State v. Roy*, 597 S.W.3d 710, 719 (Mo.App. S.D. 2020) (internal quotation and citation omitted).[12]

> Exhibit 7 was admitted pursuant to section 302.312, which provides:
>
> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by the appropriate custodian or the director, ___*shall*___ **be admissible as evidence in all courts of this state** and in all administrative proceedings.

§ 302.312.1 (emphasis added).[13]

---

[12] In *Roy*, we discussed at length the precedent and policies at issue in a challenge that evidence is testimonial (and therefore inadmissible) under the Confrontation Clause. 597 S.W.3d at 717-724.

[13] *See Doughty v. Dir. of Revenue*, 387 S.W.3d 383, 386 (Mo. banc 2013); *Ridgway v. Dir. of Revenue*, 573 S.W.3d 129, 134 (Mo.App. E.D. 2019).

As the State correctly argues, Exhibit 7 was a public record, which is not (as applicable here) testimonial evidence subject to exclusion under the Confrontation Clause:

> Business and public records are generally admissible absent confrontation **not because they qualify under an exception to the hearsay rules**, but because— having been ***created for the administration of an entity's affairs*** and not for the purpose of establishing or proving some fact at trial—they are not testimonial.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324, 129 S.Ct. 2527, 2539–40, 174 L.Ed.2d 314 (2009).

Mahurin thus fails to demonstrate that the trial court abused its discretion (hearsay) or erred (the Confrontation Clause) in admitting Exhibit 7. Mahurin's Point I is therefore denied.

### *Point II: Insufficient Evidence; Section 570.080[14] and Instruction No. 5*

In Mahurin's second point, he argues that "[t]he trial court erred in denying [Mahurin's] motion for judgment of acquittal at the close of all the evidence, instructing the jury as provided for in Instruction No. 5, denying the motion for new trial, and in imposing sentence," because "the evidence did not prove . . . that [Mahurin] 'retained' the camper trailer, as required under §570.080 and Instruction No. 5, which was required to convict him of receiving stolen property."

It is unclear whether Mahurin's second point, and the argument attendant thereto, are intended to lodge a challenge to the sufficiency of the evidence to support Mahurin's conviction, the sufficiency of the State's charging instrument, the submission of Instruction No. 5, or the trial court's refusal to instruct on stealing. To the extent our discernment affords, we find the primary thrust of Mahurin's second point (and the attendant argument) to be directed at the sufficiency of the evidence to support Mahurin's conviction (specifically as to whether Mahurin "retained" the trailer), and *ex gratia*, curatively interpret it as such.

---

[14] After the events comprising the crime of which Mahurin was convicted, section 570.080 (setting out the elements of the crime of receiving stolen property) was repealed by L.2014, S.B. No. 491, § A, eff. Jan. 1, 2017.

10

The applicable portion of section 570.080, governing the crime of "receiving stolen property," states as follows:

> A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he or she receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

§ 570.080.1.

Our courts have interpreted section 570.080 to require proof that defendant: "(1) retained the property that was stolen; (2) exercised dominion over the property by retaining it; (3) knew or believed that the property was stolen; and (4) intended to deprive the owner . . . of a lawful interest in the property." *State v. Garcia*, 587 S.W.3d 688, 692 (Mo.App. W.D. 2019). Mahurin's sufficiency challenge is solely as to the second element—*i.e.*, that he "exercised dominion over the property by retaining it."

> An appellate court's review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Evidence and inferences favorable to the State are accepted as true, and evidence to the contrary is rejected. Appellate review is limited to whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.

*State v. Knox*, 604 S.W.3d 316, 319–20 (Mo. banc 2020) (internal quotations and citations omitted).

Viewed in the light most favorable to the verdict,[15] the evidence adduced at trial reflects the following. On the night of March 22, 2016, Mahurin stole Victim's camper trailer from Victim's storage facility.[16] Mahurin drove off in his SUV with the camper trailer attached to the

---

[15] *See State v. Stover*, 388 S.W.3d 138, 146 (Mo. banc 2012).

[16] Mahurin concedes in his brief (as defense counsel ceded at trial) that the evidence was sufficient to support the reasonable inference that Mahurin stole the camper trailer. We agree that the record supports such reasonable inference.

11

rear. Victim's son-in-law noticed Mahurin's theft, got in his own vehicle, and followed Mahurin. Another bystander called police, as did Victim's son-in-law. Eventually, police effected a traffic stop on Mahurin as he was driving his SUV, with the camper trailer still attached. A passenger exited Mahurin's SUV, detached the camper trailer, got back in Mahurin's SUV, and Mahurin sped off. After a prolonged high-speed chase from Missouri into Oklahoma, police located Mahurin's SUV. Its engine was running, barbed wire from the chase was stuck to the front grill and trailing behind the SUV, and the driver and passenger doors were open. A K-9 unit tracked a scent from the SUV to a nearby mobile home. Police eventually entered the mobile home and found two men, one of whom was Mahurin. At that time, Officer White identified Mahurin as the driver, from among those present in the mobile home.

Mahurin attempts to argue that "[t]he camper trailer was not 'retained,' rather it was taken, stolen, and during the chase that followed it was abandoned and recovered the same evening by the owner." Simply said, we are not persuaded in any respect by this argument. At the very least, from the time Mahurin stole the vehicle until his passenger disconnected it from his SUV, Mahurin "retained" the camper trailer for purposes of section 570.080.1. Mahurin did not—as his Point II argument impliedly suggests—"uncommit" the crime of receipt of stolen property when his passenger jettisoned the stolen camper trailer, such as to more effectually escape arrest (along with Mahurin) for the crime Mahurin just committed.

Mahurin fails to demonstrate that there was insufficient evidence to support his conviction for receipt of stolen property, and his second point is accordingly denied.

### Points III & IV: Exhibit 7 (sections 302.312 and 490.692)

Mahurin's third point claims that the trial court "abused its discretion in overruling [defense] counsel's objections to Exhibit 7, the Department of Revenue records identifying []

12

Mahurin as the owner of the SUV recovered in the police chase," in that "Exhibit 7's certification affidavit under §302.312 did not satisfy the business records admission requirements under § 490.692 to allow its admission[.]"

As the State correctly points out, it "offered the records under § 302.312, not § 490.692[.]"[17] "Missouri courts of appeals have recognized that section 302.312 *plainly* provides that *all* properly certified DOR records shall be admissible as evidence in all courts of this state[.]" ***Erskine v. Dir. of Revenue***, 428 S.W.3d 789, 792 (Mo.App. S.D. 2014) (internal quotations and citations omitted) (emphasis in original). "The General Assembly created this special statutory exception to evidentiary rules otherwise applicable to the contents of Department of Revenue records. The legislature's intention was to eliminate the need for testimony to identify and authenticate the records and provide foundation as well as to eliminate best evidence and hearsay challenges." ***Doughty v. Dir. of Revenue***, 387 S.W.3d 383, 387 (Mo. banc 2013) (internal quotation and citation omitted).

In his fourth point, Mahurin suggests that the trial court "abused its discretion in overruling [defense] counsel's objections to Exhibit 7, . . . and in allowing it to be admitted based on § 302.312 . . . in that the Legislature intended for such records to be admissible in driving offense cases only, and [Mahurin] was not charged with a driving offense." Quite plainly, we see nothing in section 302.312 so indicating, and Mahurin's argument directs us to no case law *actually* supporting his proffered interpretation[18] (and we find none).

---

[17] Section 490.692 governs the admissibility of business records.

[18] We take, by way of example, ***Krieg v. Director of Revenue***, 39 S.W.3d 574 (Mo.App. E.D. 2001), which we discern to be the primary case on which Mahurin's fourth point relies. As Mahurin's own argument recites, the import (if any) of the ***Krieg*** opinion is that "the exclusion of the records" in ***Krieg*** was reversible error "because the Sixth Amendment right to confrontation applied only in criminal prosecutions and not civil proceedings."

Mahurin, as the appellant, "bears the burden of proving that the trial court abused its discretion[.]" *See* ***State v. Sykes***, 579 S.W.3d 231, 233 (Mo.App. S.D. 2019).  As Mahurin fails in his burden to so demonstrate in his point three and four arguments, these points are accordingly denied.  The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

DANIEL E. SCOTT, J. - CONCURS