Paul S. McNEILL, Jr.; Director of Revenue, State of Missouri, Appellant,

v.

Jeffrey L. GARDNER, Respondent.

No. WD 37818.

Missouri Court of Appeals, Western District.

Sept. 2, 1986.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Charles C. Curry, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER, and KENNEDY, JJ.

TURNAGE, Presiding Judge.

The Director of Revenue appeals from a judgment of the Circuit Court of Jackson County rescinding the suspension[1] of Jeffrey Gardner's drivers license. The Director contends that the trial court only had jurisdiction to conduct a trial de novo, not to dispose of the case based on the court's review of the administrative proceedings. Reversed and remanded.

Jeffrey Gardner was arrested for driving while intoxicated. He submitted to a breath test, which revealed a blood alcohol content of .161 of one percent. Because Gardner's blood alcohol content was greater than .13 of one percent, the Director of Revenue suspended Gardner's driving privileges, pursuant to RSMo. 302.500 et seq. Gardner requested an administrative review of the suspension. After a hearing, the administrative hearing officer sustained the suspension.

Gardner then petitioned for a trial de novo in the Circuit Court of Jackson County. Before the trial de novo, Gardner moved for judgment or directed verdict on the ground that the administrative adjudication had not been supported by competent and substantial evidence, because the Director had presented only records, rather than witnesses, to support his case. The court took the motion under advisement and conducted the trial de novo. However, the court subsequently sustained Gardner's Motion for Judgment attacking the sufficiency of the evidence in the administrative hearing. The court rescinded the suspension of Gardner's license.

The trial court erred in sustaining a motion for judgment based on events in the administrative hearing. Section 302.535.1 expressly provides that after the administrative hearing a litigant may petition for a trial de novo in the circuit court. The circuit court is authorized to try the case anew, but not to review the proceedings in the administrative hearing. *Dove v. Director of Revenue,* 704 S.W.2d 713, 715[6] (Mo.App.1986). Thus, the circuit court's task in this case was not to evaluate the sufficiency of the evidence presented in the administrative hearing, but to decide the case based on the evidence adduced in the circuit court trial de novo. The court erred in disposing of the case on the basis of the

---

1. The record is not definite as to whether the license was suspended or revoked. For ease of reference the word suspension will be used, although it may be that revocation would be the proper term. At any rate, whether Gardner's license was revoked or suspended is immaterial on this appeal, since the only issue at the administrative hearing and the trial de novo was whether Gardner was driving a motor vehicle while the alcohol concentration in his blood was at least .13 of one percent. *See* §§ 302.530.-4, 302.535.1, and 302.505.1, RSMo 1978. Determination of whether suspension or revocation is the appropriate sanction is a ministerial act to be made by the Department of Revenue on the basis of the driver's driving record. *See* §§ 302.525.2 and 302.505.1.

All sectional references are to Missouri's Revised Statutes, 1978, unless otherwise stated.

evidence adduced in the administrative hearing.

In *Collins v. Director of Revenue,* 691 S.W.2d 246, 254[24] (Mo. banc 1985), it was held that if the Department of Revenue presents a prima facie case at the administrative hearing through the records in its files, the department is not required to present witnesses at that hearing. Therefore, even if the trial court were allowed to base its decision on the evidence presented in the administrative proceedings, the grounds argued in Gardner's motion for judgment would still be insufficient.

The evidence presented in the trial de novo supports affirmance of the driver's license suspension. Gardner presented no countervailing evidence. Therefore, the judgment of the circuit court is reversed. The order of the Department of Revenue (whether suspending or revoking Gardner's drivers license) is reinstated. The Department shall determine the length of suspension or revocation according to law.