Jeffrey A. KASCH, Appellant,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Respondent.

No. ED 76285.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 28, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 2000.

Application for Transfer Denied
June 27, 2000.

James A. Stemmler, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE G. CRAHAN, Judge.

Jeffrey Kasch ("Driver") appeals the judgment sustaining the Director of Revenue's ("Director") one-year revocation of his driver's license for refusal to take a chemical test of his blood alcohol content. Driver's sole points on appeal challenge the constitutionality of section 302.312 RSMo Supp.1998, pertaining to the admissibility of records properly certified by Director, and the jurisdiction of the Commissioner to hear the case. We affirm.

We must first address the issue of whether this court has jurisdiction to decide this case. Article V, section 3 of the Missouri Constitution provides that the Missouri Supreme Court has exclusive jurisdiction of all cases involving the validity of a statute. However, if the claim is merely colorable, as opposed to substantial, then jurisdiction remains in the Court of Appeals. *Estate of Potashnick,* 841 S.W.2d 714, 718 (Mo.App.1992). A claim is substantial when, upon preliminary inquiry, the contention discloses a contested right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable. *Kansas City Star Co. v. Shields,* 771 S.W.2d 101, 103 (Mo.App.1989). For the reasons that follow, we conclude that Driver's constitutional claims are merely colorable and that jurisdiction is therefore properly lodged in this court.

Driver's first point pertains to section 302.312.1, which provides:

Copies of all papers, documents and records lawfully deposited or filed in the

offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

Driver first contends that this provision, which was the basis for admitting the evidence supporting revocation of his license, contravenes Article III, sections 40(4), 40(30) and 42 of the Missouri Constitution, which provides:

Section 40. Limitations on passage of local and special laws. The general assembly shall not pass any local or special law:

(4) regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, sheriffs, commissioners, arbitrators or other tribunals, or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate;

* * * *

(30) where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on that subject.

Section 42. Notice of proposed local or special laws. No local or special law shall be passed unless a notice, setting forth the intention to apply therefor and the substance of the contemplated law, shall have been published in the locality where the matter or thing to be affected is situated at least thirty days prior to the introduction of the bill into the general assembly and in the manner provided by law. Proof of publication shall be filed with the general assembly before the act shall be passed and the notice shall be recited in the act.

Driver does not contend that section 302.312.1 is a local law. It plainly has statewide application. Rather, Driver contends that section 302.312.1 is a special law because it is based on a status set out in the Missouri Constitution. Specifically, Driver urges that the Department of Revenue and Department of Health are established by Article IV, sections 22 and 37 of the Missouri Constitution, yet other executive departments established in Article IV, such as the Highway, Agriculture and Conservation Departments, are not included in the operation of section 302.312.1. Thus, Driver reasons, the classification is based on constitutional status and, as such, is based on immutable characteristics, creating a "facially special law" as described in *Tillis v. City of Branson*, 945 S.W.2d 447, 449 (Mo.banc 1997). We disagree.

A "special law" is a law that "includes less than all who are similarly situated" but a law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis. *Savannah R–III Sch. Dist. v. Pub. Sch. Retirement Sys. of Missouri*, 950 S.W.2d 854, 859 (Mo.banc 1997). Driver's claim that section 302.312.1 is a classification based on constitutional status is demonstrably false. Although Article IV, section 22 creates the Department of Revenue, Article IV, section 37 creates the Department of Mental Health, not the Department of Health, which contains the Bureau of Vital Records covered by section 302.312.1. The Department of Health was created in 1985 by Senate Bill 25, which elevated the Division of Health in the Division of Social Services to a separate cabinet-level Department of Health. Because neither the Bureau of Vital Records nor its parent Department of Health is mentioned in the Missouri Constitution, Driver's contention that section 302.312.1 is a "facially special law" based on the immutable characteristic of constitutional status is clearly erroneous.

If the statute cannot properly be characterized as a "facially special law," it

is incumbent upon Driver to demonstrate that other state agencies or entities are similarly situated. Driver, however, offered no evidence at trial or arguments on appeal demonstrating that any other state agencies or entities are similarly situated to the Department of Revenue or the Bureau of Vital Records. Absent such a showing, Driver has not shown that Article III, sections 40(4), 40(30) and 42 are applicable and Driver's constitutional challenge based on these provisions may properly be characterized as merely colorable and not substantial.

■ Driver also contends that section 302.312.1 violates Article III, section 1 in that it improperly vests lawmaking power in a non-legislative agency of the state government. According to Driver, the statute attempts to delegate to the Department of Revenue the authority to determine those matters that are proper for certification and those which are not. Although it is difficult to discern how this would constitute an unlawful delegation of legislative power in any event, the short answer to Driver's claim is that neither the Department of Revenue nor the Bureau of Vital Records is accorded unfettered discretion pursuant to section 302.312.1. Rather, the authority to certify records is limited to copies of papers, documents and records "lawfully deposited or filed" or to the records of the specified agencies themselves. Other statutes define what records may be "lawfully deposited or filed" and the types of records to be maintained by the agencies. *See, e.g.,* Section 302.302 RSMo Supp.1999; Section 302.120 RSMo 1994. Point denied.

■ In his final point, Driver claims the Commission lacked jurisdiction to hear his appeal pursuant to section 302.311 RSMo 1994, because nothing in the Missouri Constitution or statutes provides for or permits Commissioners to hear appeals to the circuit court pursuant to that provision. Although the case involved a parallel provision for judicial review, this contention was recently rejected by the Missouri Su-

preme Court in *Dabin v. Director of Revenue*, 9 S.W.3d 610 (Mo.banc 2000). An extended discussion would have no precedential value. We reject this point pursuant to Rule 84.16(b).

Judgment affirmed.

MARY RHODES RUSSELL, C.J., Concurs.

ROBERT E. CRIST, Sr. J., Concurs.