**Joseph MANZELLA, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. ED 96152.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 2012.

Robert S. Adler St. Louis, MO, for appellant.

Samuel E. Buffaloe, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Joseph Manzella appeals from the circuit court's judgment sustaining an order of the Director of Revenue revoking Manzella's driving privileges. We affirm.

Manzella was arrested for driving while intoxicated after he failed field sobriety tests and refused to submit to a blood-alcohol test. The Director revoked Manzella's driver's license in accordance with section 577.041 RSMo. Manzella sought judicial review and, at trial, objected to the admissibility of an Alcohol Influence Report (AIR), accompanying police narrative report, and related records (collectively Exhibit A) on grounds of hearsay, best evidence, authenticity, lack of foundation

as a business record under section 490.680. The circuit court ruled the exhibit admissible as Department of Revenue records under section 302.312 and ultimately sustained the Director's order of revocation. Manzella appeals.

Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm unless the trial court's judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *Vernon v. Dir. of Revenue*, 142 S.W.3d 905, 909 (Mo.App. S.D. banc 2004). "We will find an abuse of discretion only when the trial court's ruling is clearly against the logic of the circumstances, is so arbitrary and unreasonable as to shock the sense of justice, and shows a lack of careful consideration." *Id.*

Section 577.041 provides that evidence of a driver's refusal to submit to blood-alcohol tests is admissible in revocation proceedings. § 577.041.1. The statute requires the arresting officer to create and forward to the Department of Revenue a certified report containing certain details of the arrest. § 577.041.2. Upon receipt of that report, the Director "shall revoke the license of the person refusing to take the test for a period of one year." § 577.041.3. A driver may then petition for review before a circuit court. § 577.041.4.

▮ Section 302.312.1 provides for the admissibility of Revenue records. It states that copies of all documents and records filed with the Department of Revenue and copies of any records properly certified by the appropriate custodian *shall* be admissible as evidence in all courts of this state. § 302.312.1. The General Assembly created this special statutory exception to evidentiary rules otherwise applicable to the contents of Revenue records. The legislative intent of the statute is clear, and this court shall not distort it by inferring additional requirements. As such, Manzella's arguments with respect to foundation, authenticity, best evidence, and hearsay must fail.[1] Simply put, Manzella's complaint lies with the legislature and not this court. The entirety of Director's Exhibit A was filed and certified in accordance with section 302.312 and is therefore admissible. *See Connelly v. Dir. of Revenue*, 291 S.W.3d 318, 320–22 (Mo. App. E.D.2009); *Hackmann v. Dir. of Revenue*, 991 S.W.2d 751, 753 (Mo.App. E.D.1999); *Coleman v. Dir. of Revenue*, 970 S.W.2d 394, 396 (Mo.App. S.D.1998).[2]

▮ Manzella also complains that he was deprived of the opportunity to cross-examine the law enforcement officers who found probable cause for the arrest. Manzella failed to assert this issue in a separate point relied on but instead injects it into the argument portion of his brief. This court reviews only those errors that are asserted in an appellant's point relied on. *In re Marriage of Fritz*, 243 S.W.3d 484, 488 (Mo.App. E.D.2007). "Issues that are raised only in the argument portion of the brief and are not contained in the point relied on are not preserved for appellate review." *Id.* Moreover, even if properly

---

1. Of course, it is axiomatic that the evidence still must be relevant and must not be presented for improper purposes. *See State v. Moore*, 352 S.W.3d 392 (Mo.App. E.D.2011) (holding that defendant's 20-year driving record was irrelevant propensity evidence and, therefore, its admission was an abuse of discretion).

2. The case on which Manzella principally relies, *Asset Acceptance v. Lodge*, 325 S.W.3d 525 (Mo.App. E.D.2010), involved the business records exception under section 490.680 and is therefore inapposite here.

preserved, Manzella's argument has no merit. He was free to subpoena and examine the officers himself. *See Wei v. Dir. of Revenue*, 335 S.W.3d 558, 566 (Mo. App. S.D.2011), *Cannon v. Dir. of Revenue*, 895 S.W.2d 302, 305–6 (Mo.App. E.D. 1995). Though we appreciate the trial strategy dilemma this presents, we find no legal basis to reverse the trial court's judgment.[3]

The trial court's judgment is affirmed.

ROY L. RICHTER, J., and GARY M. GAERTNER, JR., J., concur.

---

**3.** The U.S. Supreme Court has held that the admission of laboratory reports via affidavit without live testimony violates the confrontation clause of the Sixth Amendment. *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). The Sixth Amendment by its terms applies to "all criminal prosecutions." Revocation proceedings are administrative and civil, hence the rules of criminal procedure do not apply. *Garriott v. Director of Revenue*, 130 S.W.3d 613 (Mo.App. W.D.2004).