

# Missouri Court of Appeals

## Southern District

### Division One

JULIA ERSKINE,                    )
                                  )
     Petitioner/Respondent,       )
                                  )
vs.                               )    No. SD32799
                                  )    Filed: April 30, 2014
DIRECTOR OF REVENUE,              )
STATE OF MISSOURI,                )
                                  )
     Respondent/Appellant.        )

### APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable Ronda Cortesini, Associate Circuit Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

Director of Revenue ("DOR") appeals the trial court's judgment setting aside DOR's administrative suspension of Julia Erskine's ("Erskine")[1] driver's license, reinstating Erskine's Missouri driving privileges, and returning Erskine's driver's license to her "to the extent she is

---

[1] Erskine did not submit a brief, nor was she required to do so. *West v. Dir. of Revenue*, 297 S.W.3d 648, 650 n.2 (Mo.App. S.D. 2009). "There is no penalty for a respondent failing to file a brief, however, this Court is forced to adjudicate the Director's claim of error without the benefit of whatever argument [Erskine] might have raised." *Colhouer v. Dir. of Revenue*, 283 S.W.3d 284, 286 n.3 (Mo.App. S.D. 2009).

otherwise eligible." DOR's sole point on appeal claims the trial court erred in granting Erskine's motion to strike thereby excluding DOR's Exhibit A pursuant to section 302.312.[2] We reverse the trial court's June 5, 2013 "Amended Judgment and Order."[3]

## Facts and Procedural History

On April 14, 2012, Erskine was charged with careless and imprudent driving and operating a motor vehicle while in an intoxicated condition by Officer Brian D. Moore ("Officer Moore") of the Waynesville Police Department.

### *Events Prior to Trial de Novo*

Based upon the facts reported in Officer Moore's report, DOR administratively suspended Erskine's driving privileges. On August 27, 2012, Erskine filed a "Petition for Trial De Novo From Administrative Decision" pursuant to sections 302.535.1 and 302.311 in the Circuit Court of Pulaski County. A "Court Trial" was scheduled for October 10, 2012, but was later continued to April 10, 2013.[4]

In the meantime, on October 31, 2012, Erskine was convicted of driving while intoxicated in Pulaski County Circuit Court for the same April 14, 2012 incident as DOR's administrative suspension. Due to this conviction, as well as two prior driving while intoxicated

---

[2] All references to statutes are to RSMo 2000, unless otherwise indicated. All rule references are to Missouri Court Rules (2013).

[3] The judgment entered on May 20, 2013, was later corrected due to a "scrivener error." The judgment in issue is titled "Amended Judgment and Order" ("judgment") and is dated June 5, 2013.

[4] The matter was continued because it was reassigned to another judge following Erskine's request for change of judge under Rule 51.05. After it was reassigned, the case was set for trial December 12, 2012. The trial was again continued to February 27, 2013, "due to witnesses not available," and later continued to April 10, 2013.

convictions (August 2004 and April 2003), DOR denied Erskine's license on December 10, 2012, for a period of at least ten years.[5]

### *Trial and Exclusion of Exhibit A*

On the day of trial, counsel for Erskine filed a written "Motion to Strike Exhibit A," requesting the trial court strike DOR's "Exhibit A and any evidence stemming from the observations, testimony, notes or recollections of former Waynesville Police Officer Brian Moore." In support, Erskine's motion stated, in part:

> 5. Hearsay from witnesses who refuse to testify should be stricken.
>
> 6. Allowing the admission of the alcohol influence report, narrative or any other statement or observation by former officer Brian Moore, after [Erskine] tried to subpoena the same, would violate [Erskine]'s due process right under the Missouri and federal constitutions.
>
> 7. Admitting the police report, narrative, alcohol influence report, and Datamaster printout ticket in the absence of former Waynesville Officer Brian Moore given that Moore's unavailability precludes [Erskine] from cross examining Moore.

At the outset of the trial, DOR proceeded to "submit this [case] on the record under Exhibit A" pursuant to section 302.312. Exhibit A contained DOR's certified records pursuant to section 302.312, including Erskine's driver record, DOR's "Final Order," Officer Moore's alcohol influence report and supporting documents, as well as the Datamaster Maintenance Report performed by Corporal John Meir on April 3, 2012, witness statements of Deborah Fox and Michael Fox, and a "Pulaski County 911 Call Summary Report" containing details about the report of careless and imprudent driving.

---

[5] DOR also issued a thirty-day suspension under the administrative action, but by the April 10, 2013 trial date, Erskine had served her administrative suspension.

In response, Erskine maintained her objection and requested the trial court strike Exhibit A. Erskine's counsel pointed the trial court to the Motion to Strike Exhibit A and confirmed counsel was "making a due process objection" to Exhibit A coming into evidence.

After hearing arguments of counsel, the trial court took the motion under advisement. On April 11, 2013, the trial court mailed a letter to the parties stating:

> I have considered [Erskine]'s Motion to Strike Exhibit A, the cases cited by each of you, additional case law, and the stipulated facts, including the facts that the arresting officer, Brian Moore, is unavailable to testify, despite [Erskine]'s attempt to subpoena him.
>
> Based on the reasoning of the Missouri Supreme Court in *Doughty v. [DOR]*, No. SC92261, (Jan 2013), I sustain [Erskine]'s motion. As the [DOR] presented no further evidence, the [DOR] will be ordered to remove suspension from [Erskine]'s driver's license and record and to reinstate [Erskine]'s driver's license if [Erskine] is otherwise eligible.
>
> [Erskine's counsel] shall prepare a formal judgment.

As requested in the trial court's letter, counsel for Erskine prepared a proposed judgment and the trial court adopted it without modification. The judgment sustained Erskine's Motion to Strike Exhibit A.

DOR, in its sole point relied on, claims the trial court erred "in excluding and giving no weight to [DOR]'s Exhibit A[.]" The issue for our determination is whether the trial court erred as a matter of law in striking DOR's Exhibit A submitted pursuant to section 302.312.

## Standard of Review

A trial court's judgment in a driver's license suspension and revocation case, as in any other court-tried civil case, will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Director of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010).

4

## Analysis

Section 302.312.1 provides for the admission of DOR records as follows:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

§ 302.312.1. The Supreme Court of Missouri has examined section 302.312 in **Doughty v. Director of Revenue**, 387 S.W.3d 383 (Mo. banc 2013), and concluded:

> 'The General Assembly created this special statutory exception to evidentiary rules otherwise applicable to the contents of [Department of] Revenue records.' *Manzella v. Director of Revenue*, 363 S.W.3d 393, 395 (Mo.App.2012). The legislature's intention was to eliminate the need for testimony to identify and authenticate the records and provide foundation as well as to eliminate best evidence and hearsay challenges. *Id.*

*Id.* at 387 (alteration in original).

Missouri courts of appeals have recognized "that [s]ection 302.312 *plainly* provides that *all* 'properly certified' [DOR] records 'shall be admissible as evidence in all courts of this state and in all administrative proceedings.'" **Krieg v. Dir. of Revenue**, 39 S.W.3d 574, 576 (Mo.App. E.D. 2001) (citing **Hackmann v. Director of Revenue**, 991 S.W.2d 751, 753 (Mo.App. E.D. 1999)) (emphasis added); **Mills v. Director of Revenue**, 964 S.W.2d 873, 875 (Mo.App. E.D. 1998). Here, the DOR's Exhibit A contained properly certified records which were presented for admission as evidence. These records were admissible under section 302.312.1. Therefore, the trial court erred in excluding Exhibit A[6] from evidence. We reverse and remand.

Because we are remanding this case, we note the trial court's judgment both sustained and overruled Erskine's Motion to Strike Exhibit A. The trial court's act of overruling the

---

[6] We note that some of the documents in Exhibit A were not authored by Officer Moore. For example, the Datamaster Maintenance Report was authored by Corporal John Meir. In addition, witness statements from Deborah Fox and Michael Fox were also included. These documents were also not authored by Officer Moore.

motion was described as an "alternative" ruling. However, this ruling was in conflict with the judgment's prior sentence sustaining the motion and, therefore, must be reviewed on remand.

## Conclusion

In conclusion, we find the trial court erroneously applied the law and, therefore, we reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion and direct the trial court to admit Exhibit A at a trial *de novo* and proceed with the admission of live testimony or other appropriate evidence, if so requested by the parties.

WILLIAM W. FRANCIS, JR., C.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - Concurs

DANIEL E. SCOTT, J. - Concurs