

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT
## *en banc*

| | | |
|---|---|---|
| DELANEY SHAY CRAIG, | ) | |
| | ) | |
| Appellant, | ) | WD85515 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| DIRECTOR OF REVENUE, | ) | January 16, 2024 |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**Honorable Karen Lee Krauser, Judge**

**Before Court en banc: Gary D. Witt, Chief Judge Presiding,**
**Lisa White Hardwick, Alok Ahuja, Mark D. Pfeiffer, Karen King Mitchell,**
**Cynthia L. Martin, Anthony Rex Gabbert, Edward R. Ardini, Jr.,**
**Thomas N. Chapman, W. Douglas Thomson, and Janet Sutton, Judges**

Delaney Shay Craig (Craig) appeals the judgment of the Circuit Court of Clay County, Missouri (trial court) sustaining, following a trial de novo from an administrative hearing, the Director of Revenue's (Director) determination to suspend or revoke Craig's driving privileges pursuant to section 302.505.[1] On appeal, Craig claims that the trial court erred in: (1) finding that she was arrested upon probable cause to believe that she was intoxicated in that her arrest in Clay County was improperly made by a Ray County deputy (Ray Deputy); (2) admitting

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by supplement.

evidence that Ray Deputy allowed Craig an opportunity to contact an attorney after advising her of Missouri's Implied Consent because such evidence did not appear in his written report; and (3) quashing Craig's subpoena to the Director for production of documents that Craig purportedly offered at the administrative hearing as a Department of Revenue record under section 302.312 or as a business record under sections 490.660 through 490.692. We affirm the trial court's judgment.

## Factual and Procedural Background

On February 21, 2021, at about 1:22 a.m., a Lawson police officer (Officer), who was on patrol, observed Craig fail to stop at a stop sign. Officer stopped Craig in the City of Lawson[2] in Clay County, and he could smell an odor of marijuana coming from the vehicle. Officer noted that Craig had a passenger who appeared to be highly intoxicated. Officer asked Craig to surrender her marijuana, and she responded that she did not have much and that it was not illegal. Officer asked Craig to exit the vehicle so he could conduct a search. Craig was very uncooperative, refusing to comply with Officer's requests, demanding to speak to his "chief," and accusing him of abusing his power. At this time, Officer informed Craig that he was arresting her for resisting arrest; he handcuffed her and led her to his car and called for backup. While Craig was in his vehicle, Officer became increasingly suspicious that Craig was also impaired, due to her slight slurs of speech, her repetitive storytelling, and her inability to "keep a train of thought."

When Ray Deputy from the Ray County Sheriff's Department responded to the call for assistance, Officer asked Ray Deputy to assess Craig's ability to drive, as he had had more experience testing for marijuana impairment. Meanwhile, Officer and another officer who had

---

[2] The City of Lawson is partially in Clay County and partially in Ray County. The offense and the stop occurred in Clay County.

responded to the call for assistance conducted a search of Craig's car, which revealed marijuana, a grinder, and a donut-shaped smoking device. They also found open containers of alcohol in the vehicle.

Ray Deputy testified that he conducted several standard field sobriety tests (SFSTs). He also performed a preliminary breath test (PBT) at the site, with Craig's passenger and another officer observing the administration of the PBT. The PBT was positive for alcohol, and Ray Deputy noticed a moderate odor of alcohol coming from Craig's person. At this point, Ray Deputy arrested Craig for driving while intoxicated, and he transported her to the Ray County Jail to perform a breathalyzer test. Ray Deputy testified that he followed "the checklist" that pertained to breath tests, including giving Craig an opportunity to contact an attorney after he read her the notice pursuant to the Implied Consent statute, section 577.041. Ray Deputy testified that Craig did "not want an attorney at that point." Ray Deputy did not note in his alcohol influence report (AIR) his offer to allow her to contact counsel or Craig's waiver of her right to contact an attorney. At trial, Craig's counsel moved to strike this portion of Ray Deputy's testimony because it was not reflected in the AIR, which according to section 302.510.1, counsel argued, should contain "all information relevant to the enforcement action." The trial court denied this motion, finding that it was an issue of credibility.

In an effort to counter Ray Deputy's testimony, Craig sought to admit into evidence her affidavit that was purportedly admitted in the prior administrative hearing. She first offered the affidavit into evidence at the trial de novo. The Director objected, and the trial court sustained the objection, stating the affidavit would not be received because Craig was present and available to testify. Craig requested a continuance of the hearing for further evidence which was granted. Craig then sought to have the affidavit admitted by subpoenaing the Director's custodian of

records for: all records introduced into evidence at the administrative hearing to include the Director's file, Craig's objections to the Director's file, Craig's evidence, exhibits and suggestions, and any transcript or recording of the hearing. The Director filed a motion to quash the subpoena. At a hearing on the motion to quash, Craig argued that because it was part of the evidence at the administrative hearing, it should be admitted as a record of the Department of Revenue under section 302.312 or as a business record under sections 490.660 through 490.692. The Director argued that the purpose of section 302.312 was for the admission of Department of Revenue and police records "properly certified by the custodian or the director" without requiring testimony as to their foundation and authenticity. The Director further argued that Craig's affidavit, prepared by her and her counsel well after her arrest, was not a record of the Department of Revenue that could be certified, was self-serving, and was not the best evidence because Craig was present and could testify. The trial court quashed the subpoena in part, ordering the Director to provide its entire file, and all transcripts from the administrative hearing but finding that Craig's affidavit was not a part of that file and quashing that portion of the subpoena. The remainder of the trial de novo hearing was rescheduled. When the hearing resumed, Craig chose not to testify and presented no further evidence.

The trial court issued its judgment finding that the Director had shown, by a preponderance of the evidence, that Craig had been arrested upon probable cause that she had committed an alcohol-related traffic offense and that Craig had been driving a motor vehicle with a blood alcohol concentration of .08 percent or higher and, therefore, that the Director's determination to suspend or revoke Craig's driving privileges was sustained.

This appeal follows.

4

**Standard of Review**

The standard of review we apply in an appeal from a trial court's judgment in a license revocation case under section 302.535 is that of any court-tried case and is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* "In reviewing a particular issue that is contested, the nature of the appellate court's review is directed by whether the matter contested is a question of fact or law." *Id.* at 308. "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence." *Id.* "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *Manzella v. Dir. of Revenue*, 363 S.W.3d 393, 395 (Mo. App. E.D. 2012) (internal quotation omitted). "We will find an abuse of discretion only when the trial court's ruling is clearly against the logic of the circumstances, is so arbitrary and unreasonable as to shock the sense of justice, and shows a lack of careful consideration." *Id.*

**Legal Analysis**

*Validity of Arrest:*

Craig's first point on appeal is that the trial court erred in ruling that Craig's arrest by Ray Deputy in Clay County was valid because a Ray County officer did not have the power and authority to arrest her in Clay County. But as the trial court recognized, the arresting officer's authority to arrest is not usually an issue in revocation cases because the actions are civil in nature, and therefore the exclusionary rule does not apply. *Stanton v. Dir. of Revenue*, 616 S.W.3d 398, 404 (Mo. App. W.D. 2020). *Stanton* cites *Kimber v. Director of Revenue*, 817 S.W.2d 627, 632 (Mo. App. W.D. 1991), where

this court found that an arrest by a fourth class city police officer outside the city was unlawful, but that the evidence relating to arrest and the subsequent breath test results were admissible in an action to suspend the driver's license pursuant to sections 302.500 to 320.540, because the exclusionary rule does not apply in civil proceedings.

*Stanton*, 616 S.W.3d at 404. *Stanton* concluded that while the driver's arrest "outside of Clinton County may not have withstood Fourth Amendment scrutiny in a criminal case, it did not divest him of his status as a law enforcement officer, and did not prevent the Director from revoking Stanton's driver's license." *Id.* at 406.[3]

Craig's brief argues that *Stanton* does not apply because she is not relying on the exclusionary rule but rather Missouri substantive law that an officer outside of his jurisdiction loses any powers to arrest, rendering him a private citizen. Craig is, in essence, arguing that the invalidity of her arrest justifies the trial court's exclusion of any evidence obtained as a result of the arrest—precisely the issue that *Stanton* and *Kimber* address and reject.[4] Of particular relevance here, at least two decisions of this Court have held that, in a proceeding under section 302.505 like this one, it is irrelevant whether the arresting officer was acting outside his authorized territory. *Geist v. Dir. Of Revenue*, 179 S.W.3d 391, 394 (Mo. App. E.D. 2005)

---

[3] In *State v. Barton*, 669 S.W.3d 661 (Mo. banc 2023), the Missouri Supreme Court refused to apply the exclusionary rule in a criminal case where the arresting officers were operating outside of their jurisdiction for a felony arrest. The fact that an officer's extra-jurisdictional arrest does not justify exclusion, even in a criminal case, bolsters our conclusion that no exclusion of evidence was warranted in this civil proceeding.

[4] The Director argues that Ray Deputy had authority to arrest Craig in Clay County in any event because Officer had requested his assistance. Section 57.111 provides that when requested "by a sheriff of this state" to assist, the assisting sheriff or deputy "shall have the same powers of arrest in such county as he or she has in his or her own jurisdiction." However, Officer is not a sheriff or deputy sheriff. It is unclear from the record what dispatch arrangement or agreement among the various law enforcement agencies controls such requests for assistance. This is not pertinent to our decision in this case because, as discussed, Ray Deputy's authority to arrest does not control the admissibility of his report or his testimony in this civil case.

("The legality of the arrest, aside from the statutory requirement that it be based on probable cause, is no consequence in a civil revocation proceeding."); *Siehndel v. Russell-Fischer*, 114 S.W.3d 449, 451-52 (Mo. App. W.D. 2003) (rejecting driver's claim "that she could not be deemed to be under arrest because [the officer] was outside his jurisdiction when he arrested her"; holding that "the legality of an arrest is of no consequence in a civil revocation proceeding.").

Point one is denied.

***Admissibility of Ray Deputy's Testimony:***

Craig's second point on appeal is that the trial court erred in admitting Ray Deputy's testimony that he allowed Craig an opportunity to contact an attorney after he read her the Implied Consent advisory, because the AIR report he completed did not mention that he allowed Craig this opportunity. Craig makes much of the fact that she repeatedly asked to speak with an attorney early during the stop, but this is irrelevant to the issue raised in this appeal. The Sixth Amendment right to counsel does not allow for exclusion of evidence in a revocation hearing. "A driver has no *constitutional* right to speak to an attorney before deciding whether to submit to a chemical test administered in accordance with section 577.041." *Riley v. Dir. of Revenue*, 378 S.W.3d 432, 437 (Mo. App. W.D. 2012) (internal quotation omitted). "However, Missouri's Implied Consent Law provides a limited *statutory* right to seek the advice of an attorney[.]" *Id.* "If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person *shall* be granted twenty minutes in which to attempt to contact an attorney." *Id.* (quoting § 577.041). An officer is allowed to testify that he explained the test to the driver and followed all of the required procedures. *Simon v. Dir. of Revenue*, 509 S.W.3d 135, 138-39 (Mo. App. S.D. 2016). In this case, Ray Deputy testified that he gave Craig an

7

opportunity to contact an attorney after he read her the Implied Consent advisory. He continued, "That's an automatic thing that is done any time I arrest somebody. I may not have put it in the report, but it does not mean I did not give her the opportunity. And she never requested an attorney" again after having been read the Implied Consent advisory.

Craig objected to this testimony because it was not reflected in the AIR, which, according to section 302.510.1 requires an arresting officer to:

> [F]orward to the department [of revenue] a certified report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated any state statute related to driving while intoxicated or was less than twenty-one years of age and was driving with two-hundredths of one percent or more by weight of alcohol in the person's blood, or a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol-related traffic offense, a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court.

Caselaw holds that, in a trial de novo, the Director may prove grounds to suspend a driver's license based on testimony, despite any deficiencies in the AIR required by § 302.510. Proof of the elements required to support a suspension "by evidence at trial replaces the reporting requirements of § 302.510 *which cease to be relevant* once the administrative phase of the suspension or revocation proceeding has passed." *Barish v. Dir. of Revenue*, 872 S.W.2d 167, 173 (Mo. App. W.D. 1994) (quoting *Leach v. Director of Rev.*, 705 S.W.2d 125, 127 (Mo. App. W.D. 1986) (emphasis added by *Barish*)). While deficiencies in the AIR "may still be used at the trial de novo as a basis for cross-examination and impeachment," *id*. at 173 n.9, they do not prevent the Director from presenting live testimony to establish facts not reflected in the AIR itself.

The trial court did not find it fatal that Ray Deputy's report did not expressly state that he gave Craig the opportunity to consult with counsel after reading the Implied Consent advisory or

that Craig then declined to attempt to contact an attorney.  Rather, the court found that it was a matter of credibility not admissibility.  Whether to admit or exclude evidence is a matter of trial court discretion.  *Manzella*, 363 S.W.3d at 395.  Ultimately the trial court found the testimony of both Ray Deputy and Officer to be credible.  We do not find that the trial court's ruling admitting the evidence and refusing to strike it from the record to be an abuse of discretion.

Point two is denied.

### *Driver's Affidavit as Part of Department of Revenue Records:*

Craig's third point on appeal is that the trial court erred in quashing Craig's subpoena to produce, as part of the Department of Revenue's records, exhibits[5] offered by Craig at the administrative hearing.  In Craig's point relied on, she cites to both the business records act pursuant to section 490.660 through 490.692 and section 302.312.1 as bases for the admission of the subpoenaed exhibits.  Craig seems to abandon her argument with regard to the business records act in the point's argument portion.[6]  The trial court did not err because Craig's affidavit purportedly submitted at the underlying administrative hearing did not become a part of the Department of Revenue's records under section 302.312.1.

Section 302.312.1 provides for the admissibility of Department of Revenue records. *Manzella*, 363 S.W.3d at 395.  Section 302.312.1 states the following:

> Copies of all papers, documents, and records lawfully deposited or filed *in the offices* of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly

---

[5]  Craig's point relied on refers broadly to exhibits offered by Craig at the administrative hearing but the entire argument section focuses only on Craig's affidavit, an exhibit purportedly offered at the hearing.  We therefore focus our discussion on the affidavit at issue.

[6]  Regardless, the authenticating affidavit required by section 490.692 does not appear in the record nor is there any evidence that the affidavit was properly and timely served on the adverse party prior to trial as required by that statute, making this argument meritless.

certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

§ 302.312.1 (emphasis added).

"The General Assembly created this special statutory exception to evidentiary rules otherwise applicable to the contents of Revenue records." *Manzella*, 363 S.W.3d at 395. "The legislative intent of the statute is clear, and this court shall not distort it by inferring additional requirements." *Id.* We also, however, interpret "statutes in a way that is not hypertechnical but instead is reasonable and logical and gives meaning to the statute and the legislature's intent as reflected in the plain language of the statute at issue." *Wood v. Crim. Recs. Repository*, 668 S.W.3d 597, 599 (Mo. App. W.D. 2023) (internal quotation marks and citation omitted). "Any time a court is called upon to apply a statute, the primary obligation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 604-05 (Mo. banc 2019) (internal quotations and citation omitted).

Here, after considering the plain and ordinary meaning of the words in section 302.312.1, nothing in the language of section 302.312.1 provides that if papers, documents, or records are offered into evidence by a petitioner at an administrative hearing under section 536.070 it then becomes part of the Department of Revenue's records under 302.312.1. Craig's affidavit has not been "lawfully filed or deposited in the offices of the department of revenue or the bureau of vital records" within the plain and ordinary meaning of section 302.312.1.

The Eastern District of our Court addressed the statute at issue here. In *Kasch*, a driver argued that section 302.312.1 was unconstitutional in part, because it improperly delegated to the Department of Revenue "the authority to determine those matters that are proper for certification and those which are not" under the statute. *Kasch v. Dir. of Revenue*, 18 S.W.3d 97, 100 (Mo.

10

App. E.D. 2000).  In denying that claim, our Court stated: "[T]he authority to certify records is limited to copies of papers, documents and records 'lawfully deposited or filed' or to the records of the specified agencies themselves."  *Id*.  The Court directed its attention to what is allowed, stating, "Other statutes define what records may be 'lawfully deposited or filed' and the types of records to be maintained by the agencies."  *Id*.

Several sections in Chapter 302 illustrate the type of records that can be "lawfully deposited or filed" and the types of records that the agency maintains.  For example, section 302.120 requires the Director to file every application for a license that the Director receives.  § 302.120.1.  The statute also requires the Director to "file all accident reports and abstracts of court records of convictions . . . ." that the Director receives.  § 302.120.2.  Additionally, section 302.302 requires courts to forward to the Director records showing that motorists who have had points assessed against their license have completed a driver improvement course, and requires the Director to establish procedures for administration and record keeping.  § 302.302.5.  Further, sections 302.510 and 302.520 require law enforcement officers to forward certain records, including the results of any chemical tests conducted and alcohol influence reports, to the Department in driver's license revocation cases.  §§ 302.510.1 and 302.520.3.

A discussion of the framework set out by statute and used by a driver to appeal an alcohol suspension or revocation will show how these records of the Department of Revenue differ from the administrative hearing record.  When a driver receives a notice of suspension or revocation from the Department of Revenue, they may request a review of the Department's determination at a hearing.  § 302.530.1.  This administrative review is governed by section 302.530.  It provides that the procedure at such hearing shall be conducted in accordance with chapter 536,

11

and with sections 302.500 to 302.540, the statutes governing suspension and revocation of licenses.  § 302.530.5.

Chapter 536 contains the statutes with regard to administrative procedure and review. Section 536.070(5) provides that records and documents of the agency at issue "shall be *offered into evidence* so as to become a part of the record, the same as any other evidence . . . ." § 536.070(5) (emphasis added).  Section 536.070(7) allows evidence offered and denied admission to be preserved *in the record*.  Section 536.070(12) allows any party or agency to introduce an affidavit in evidence upon following a set procedure outlined in the statute.  The evidentiary rules in administrative hearings are more relaxed than the rules of civil procedure applied at the circuit court level.

Administrative hearing decisions are then subject to review pursuant to section 536.100 which provides, in relevant part, that:

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, *unless some other provision for judicial review is provided by statute* . . . .

§ 536.100 (emphasis added).

Section 536.130.1 provides that the record before the agency shall be filed in the reviewing court.  Such record shall consist of any one of the following:

> (1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;
> (2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;
> (3) A complete transcript of the entire record, proceedings and evidence before the agency.  Evidence may be stated in either question and answer or narrative form.  Documents may be abridged by omitting irrelevant and formal parts thereof.  Any matter not essential to the decision of the questions presented by the petition may be omitted.  The decision, order and findings of fact and conclusions of law shall in every case be included.

12

§ 536.130.1(1)-(3). Most importantly, section 536.140 provides for the scope of judicial review of administrative judgments. Section 536.140.1 provides that "[t]he court shall hear the case without a jury and, except as otherwise provided in subsection 4 of this section, shall hear it upon the petition and record filed as aforesaid." § 536.140.1. Section 536.140.2 states that the inquiry may extend to a determination of whether the action of the agency:

(1) Is in violation of constitutional provisions;
(2) Is in excess of the statutory authority or jurisdiction of the agency;
(3) Is unsupported by competent and substantial evidence upon the whole record;
(4) Is, for any other reason, unauthorized by law;
(5) Is made upon unlawful procedure or without a fair trial;
(6) Is arbitrary, capricious or unreasonable;
(7) Involves an abuse of discretion.

§ 536.140.2(1)-(7).

Unlike the process just detailed above, a person aggrieved by a decision of the Department of Revenue may file, pursuant to section 302.535.1, a petition for trial de novo in the circuit court of the county where the arrest occurred. It "is an original proceeding and is not an exercise of review jurisdiction." *Folkedahl v. Dir. of Revenue*, 307 S.W.3d 238, 241 (Mo. App. W.D. 2010) (quoting *Jenkins v. Dir. of Revenue*, 858 S.W.2d 257, 260 (Mo. App. W.D. 1993)). Section 302.535.1 additionally provides, in relevant part, that: "The burden of proof shall be on the state to adduce the evidence. *Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536.*" § 302.535.1 (emphasis added). The administrative hearing record is *not* filed with the circuit court as part of a trial de novo. The evidence is heard anew, and pursuant to the rules of civil procedure.

"At the trial de novo, the parties are allowed to present new evidence, change trial strategy and confront adverse witnesses again without any restraints imposed by the prior

13

administrative proceedings." *Folkedahl*, 307 S.W.3d at 241 (citation omitted); *Jarvis v. Dir. of Revenue*, 804 S.W.2d 22, 24-25 (Mo. banc 1991); *Smyser v. Dir. of Revenue*, 942 S.W.2d 380, 382 n.3 (Mo. App. W.D. 1997); *Jenkins*, 858 S.W.2d at 260-61. "Furthermore, the trial court cannot consider or base its decision upon evidence presented at the hearing or the findings of the hearing officer." *Folkedahl*, 307 S.W.3d at 241 (citing *Jenkins*, 858 S.W.2d at 261). The circuit court's task is "not to evaluate the sufficiency of the evidence presented in the administrative hearing, but to decide the case based on the evidence adduced in the circuit court trial de novo." *McNeill v. Gardner*, 715 S.W.2d 928, 929 (Mo. App. W.D. 1986).

"Section 302.535.1 expressly withholds from circuit judges the power to review the administrative decision made as to driver's license suspensions after hearings are conducted pursuant to section 302.530." *Dove v. Dir. of Revenue*, 704 S.W.2d 713, 715 (Mo. App. W.D. 1986). "The statute authorizes trial de novo, meaning a trial anew, *Black's Law Dictionary* (5th Ed. 1979) . . . ." *Id*.

The dissent concludes that Craig's affidavit became a part of the Department's records because it was purportedly admitted into evidence at the administrative review hearing. The dissent concludes that because Craig offered the affidavit—at some point—at the administrative hearing conducted pursuant to section 302.530 to an examiner employed by the Department of Revenue, that it, therefore, was "lawfully filed or deposited in the offices of the department of revenue or the bureau of vital records" for purposes of section 302.312.1. This position ignores the fact that this Court has nothing in the record on appeal that shows this affidavit was actually provided to or kept by the Department. If this affidavit was in fact admitted, the admission of the affidavit into evidence at the administrative hearing does not mean that the document was

14

"lawfully filed or deposited in the offices of the department of revenue or the bureau of vital records . . . ." within the meaning of section 302.312.1.

The dissent improperly conflates an administrative hearing record with the Department of Revenue records allowed to be certified under 302.312.1 and subject to admission into evidence. The dissent's improper combination of an administrative review hearing record with the Department of Revenue's "record" can be further illustrated by the fact that section 302.530 "relegates the administrative hearing to an examiner employed by the Department of Revenue who conducts the hearing in the dual capacity of an adjudicator and a representative of the department," *Dove*, 704 S.W.2d at 715, thereby distinguishing the two roles and two records.

As *Jenkins*, *McNeil*, and *Smyser* show, evidence offered at the administrative hearing is not automatically admissible at the trial de novo, it must be offered anew and must comply with the rules of evidence applicable to circuit courts. Missouri rules of civil procedure apply to trials de novo—in other words, a driver cannot bypass the normal rules of evidence, including foundation and hearsay, by sending documents or other records to the Department of Revenue and then demanding that those be produced under section 302.312.1. Craig's affidavit did not become a Department of Revenue record solely because it was purportedly offered as evidence at the administrative review hearing. Additionally, it was intended to be offered in lieu of Craig's live testimony at the trial de novo, which under the rules of evidence, would be inadmissible when Craig was available to testify.

Point three is denied.

15

## Conclusion

For all of the above-stated reasons, the trial court's judgment is affirmed.

_____
Janet Sutton, Judge

Judges Lisa White Hardwick, Alok Ahuja, Mark D. Pfeiffer, Karen King Mitchell, Cynthia L. Martin, Anthony Rex Gabbert, Edward R. Ardini, Thomas N. Chapman, W. Douglas Thomson, concur in the majority.

Chief Judge Gary Witt concurs in part and dissents in part in a separate opinion.



*In the*
*Missouri Court of Appeals*
*Western District*

| | | |
|---|---|---|
| DELANEY SHAY CRAIG, | ) | |
| | ) | |
| Appellant, | ) | WD85515 |
| v. | ) | |
| | ) | Filed: January 16, 2024 |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

## DISSENTING OPINION

I concur with Points I and II, but I respectfully dissent as to Point III of the majority

opinion. I find that the trial court's ruling is at odds with the plain language of section 301.312.1

and is, therefore, an abuse of the trial court's discretion.

As the majority points out, when interpreting statutes, we must give the words "their

plain and ordinary meaning." *Kesterson v. Wallut*, 157 S.W.3d 675, 680-81 (Mo. App. W.D.

2004). The statute clearly provides "[c]opies of all papers, documents, and records lawfully

deposited or filed in the offices of the department of revenue" "shall be admissible as evidence in

all courts of this state and in all administrative proceedings." Section 302.312.1. Nothing in the

plain language of section 301.312 limits the admissibility of Department of Revenue records to

those records that were prepared at the time of the incident, are not self-serving, or where the

witness is unavailable. While section 490.692 limits the admissibility of business records to

those records that were prepared in the regular course of business, and about which the affiant

has knowledge of the information included and the method of its preparation, and requires the

record to be made at or near the time of the act or event contained in the record, section 302.312 is limited solely by the document's lawful deposit in the department's records. Sections 490.660 through 490.692 show that the legislature is aware of how to place restrictions on the admissibility of records through the use of affidavits, but it has chosen not to place such limits on the records of the Department of Revenue pursuant to section 302.312. This court has no authority to read into a statute, limitations that are contrary to the intent adduced from its plain language. *State ex rel. Northum v. Walsh*, 380 S.W.3d 557, 566 (Mo. banc 2012).

Although the majority reads *Kasch v. Director of Revenue*, 18 S.W.3d 97, 100 (Mo. App. E.D. 2000), to imply that only records produced by the Department of Revenue or the bureau of vital records become part of the Director's file pursuant to section 302.312.1, I do not find *Kasch* to be so limiting. First, *Kasch* solely involved the driver's challenge to the admissibility of agency records at trial and did not address records offered by either party at the administrative hearing. *Id.* at 98. The court held that

> the authority to certify records is limited to copies of papers, documents, and records 'lawfully deposited or filed' or to the records of the specified agencies themselves. Other statutes define what records may be 'lawfully deposited or filed' and the types of records to be maintained by the agencies. *See, e.g.,* Section 302.302 RSMo Supp. 1999; Section 302.120 RSMo 1994.

*Id.* The Director argues that no statute provides for documents offered at the administrative hearing to become part of its records. The question then becomes whether the documentary evidence offered at the administrative proceeding constitutes a record that is "lawfully deposited or filed" with the Director and therefore covered by the statute. The majority concludes that it does not. I disagree.

2

Hearing officers at administrative hearings on driver's license cases pursuant to section 302.530 are employees of the Director.[1] Section 302.530 requires these administrative hearings to comply with chapter 536. Section 536.070(5) provides that all evidence at an administrative hearing becomes part of the record. Section 536.070(7) provides that even evidence *excluded* at an administrative hearing that is offered by a non-agency party "shall, at the request of the party seeking to introduce the same, or at the instance of the agency, nevertheless be heard and preserved in the record, together with any cross-examination with respect thereto and any rebuttal thereof, unless it is wholly irrelevant, repetitious, privileged, or unduly long[.]" Evidence *admitted* at an administrative hearing conducted by an employee of the Director would clearly become part of the record and, therefore, part of the Director's file. As part of the administrative hearing, Craig's affidavit was received into evidence and was therefore "lawfully deposited or filed in the offices of the department of revenue" pursuant to the statute. Additionally, the affidavit is relevant because, whereas Ray Deputy testified that he gave Craig an opportunity to contact an attorney after he read her the Implied Consent advisory, Craig's affidavit states, "[Ray Deputy] did not give me any opportunity to contact an attorney."

The majority concludes that if the evidence offered at the administrative proceeding were to become admissible at the trial *de novo* the result would be the trial *de novo* devolving into a trial court review of the administrative hearing rather than a new trial. This is not the case. Each party at a trial *de novo* chooses what evidence to offer, and the trial court must determine the admissibility as well as the credibility and persuasive value of the evidence offered at the trial *de*

---

[1] Hearings are conducted by examiners, "who are employed by the department [of revenue.]" Section 302.530(3). "If the department finds the affirmative of this issue, the suspension or revocation order shall be sustained. If the department finds the negative of this issue, the suspension or revocation order shall be rescinded." Section 302.530(4). By statute, the department is making these findings. It stands to reason then the records of such proceedings are department records.

3

*novo*. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307 (Mo. banc 2010). However, every trial *de novo*, by its very nature, will result in most of the evidence being the same evidence previously offered during the administrative proceeding because the facts underlying each hearing are the same.

The trial court expressed concerns that allowing a driver to admit evidence from the administrative hearing would result in the admission of evidence that lacks foundation and constitutes hearsay. However, this is precisely what the statute is directed to address. The records in the Director's file are admissible regardless of whether the arresting officer or the officer who performed the maintenance checks on the breathalyzer machine testified at the trial *de novo*. *Smith v. Dir. of Revenue*, 560 S.W.3d 898, 904 (Mo. App. W.D. 2018). The narrative portion of the officer's report, which in many cases sets forth what eye witnesses and other officers told the reporting officer, is hearsay evidence that is admissible under the statute, even if the witnesses do not testify and even if the reporting officer does not testify, so long as the report is filed in the Director's records. These law enforcement records lack foundation and constitute double and sometimes triple hearsay, but the statute provides that all of the records in the Director's file are admissible in the trial *de novo* in spite of their hearsay nature and with no additional foundation other than being contained in the Director's records. The Director's office failed to produce all of its records relevant to this matter, and Craig attempted to obtain the additional material through the use of a subpoena but was thwarted in her efforts as a result of her subpoena being partially quashed by the trial court. While the majority expresses some discomfort with the admission of some records at the trial *de novo* that were admitted into evidence at the administrative hearing, the application of the plain language of the statute makes

4

this evidence admissible in spite of our concerns with its admission. It is up to the fact finder to determine the weight and credibility of those records.

Of course, allowing Craig's affidavit to come into evidence via section 302.312.1 would still render it subject to a credibility determination just as Ray Deputy's and Officer's reports and testimony were at the trial *de novo*. While the trial court may not have found Craig's evidence credible, I conclude that the Director should have been required to comply with the subpoena and produce the affidavit. I would thus conclude that it was error for the trial court to partially quash the subpoena, that because the subpoena was quashed, Craig was unable to present relevant evidence, and, thus, I would find that Craig is entitled to a new trial.

_____
Gary D. Witt, Chief Judge

5